EDWARD N. SCRUGGS, Retired Circuit Judge.
This is a child support case.
The February 1983 judgment which divorced the parties approved their agreement concerning child custody, visitation, child support, medical care for the children, and the division of real and personal property. In the agreement the father agreed to pay to the mother $650 per month “for the support and maintenance of the said minor children.” The parties had three children. In April 1988, the date of the trial upon the father’s petition to modify child support, the general circumstances of the children were as follows: Brett was almost nineteen years of age and had been serving a four-year enlistment in the United States Air Force since October 1987; Barry was almost seventeen years of age and had a part-time job; and Sarah was five years of age.
After an ore terms trial upon the father’s modification request, the trial court refused to reduce the father’s child support obligation, and that ruling constitutes one issue upon the father’s appeal. Because of the ore terms rule and because of the discretion which is given to the trial court concerning child support modification matters, including the application of the child support guidelines, we have no difficulty in affirming that aspect of the appeal. In short, as to that matter we have reviewed the entire record and find no abuse of discretion as to that portion of the judgment. The trial court was not palpably wrong in such ruling.
The father had further requested that the trial court modify the divorce judgment so as to provide for a reduction in child support when Barry reaches the age of nineteen on June 1, 1990, marries, or becomes self-supporting. The mother, however, contended that the father’s support payments should be “left as is” until the youngest child, Sarah, becomes nineteen years of age, unless the trial court might desire to consider periodic raises in the child support order over the next thirteen or fourteen years to take care of inflation and other matters. As to that issue, the trial court denied the father’s request and ordered as follows, the father being the plaintiff and the mother, the defendant:
“The plaintiff’s $650.00 monthly child support obligation terminates or reduces only when all of the parties’ children reach the age of majority, die, or are otherwise emancipated. By statute the age of majority is fixed in Alabama at age nineteen; thus the plaintiff owes child support to the defendant until the last of the parties’ three minor children reaches 19 years of age, dies, or is otherwise emancipated.”
The child support provisions in the divorce agreement which were ratified and confirmed by the divorce judgment were ordinary, usual, and normal in all respects. The support of the children, including modification thereof, remains subject to the applicable rules of law. For example, the amount of child support may be increased or decreased in the future depending upon, *75 first, whether there is a material change in the circumstances of the parties which affects their ability to provide such support and/or, second, whether the needs of the children or a child materially change. Spragins v. Spragins, 501 So.2d 478 (Ala.Civ.App.1987); Cooper v. Cooper, 494 So.2d 109 (Ala.Civ.App.1986). The trial court’s recent judgment would have prevented any further modification of child support for any reason, regardless of how radically such circumstances or needs might be altered by future events. The learned trial court erred in rendering and entering the above quoted portion of its judgment dated May 17, 1988, and we must reverse and remand such aspect of the judgment to the trial court where the same shall be stricken therefrom.
We deny the mother’s request for an attorney’s fee on appeal. It is equitable for each party to be responsible for the fees of his or her own attorney in this case.
The foregoing opinion was prepared by Retired Circuit Judge EDWARD N. SCRUGGS while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e) of the Code of Alabama of 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED IN PART; REVERSED AND REMANDED IN PART WITH DIRECTIONS.
All the Judges concur.