The parties were divorced by decree of the Circuit Court of Jefferson County in March 1989. The father was given custody of the parties' two minor daughters. In May 1990 the mother filed a petition for rule nisi alleging that the father was not in compliance with the visitation provisions of the final decree. In August 1990 the father counterpetitioned seeking child support from the mother. In September 1990 the mother filed a petition for modification of child custody.
A hearing was held on all motions in September 1991. The court denied the mother's petition for custody and the father's counterpetition for child support. The court found the father to be in contempt for failure to abide by the visitation provision of the final decree. Each party was ordered to pay his or her own attorney fees. The mother appeals.
Initially, the mother asserts that the trial court erred in denying her petition for modification of child custody.
In child custody modification cases, the noncustodial parent has the burden of showing that a change in custody will materially promote the child's best interests *Page 312 
and welfare. Ex parte McLendon, 455 So.2d 863 (Ala. 1984). The petitioning parent must also show that the positive good brought about by the change in custody would more than offset the inherently disruptive effect caused by uprooting the child.Foster v. Carden, 515 So.2d 1258 (Ala.Civ.App. 1987).
When the trial court is presented evidence ore tenus, its determination is presumed correct and will not be disturbed on appeal unless it is so unsupported by the evidence as to be plainly and palpably wrong or unless an abuse of the trial court's discretion is shown. Nicholas v. Nicholas,464 So.2d 527 (Ala.Civ.App. 1985).
The mother contends the evidence was sufficient to meet theMcLendon burden. She insists that the father's deteriorating financial condition, his frequent change of residencies, his interference with visitation, and his violent and erratic temper are factors which demonstrate that a material change in circumstances has occurred since the final decree. She suggests that her lifestyle and financial position would be more conducive to establishing a fit and proper environment for the children.
Our careful review of the voluminous record does not support the mother's contentions on appeal. She had the burden of showing that the father's living arrangements had a detrimental effect on the children and that transferring custody to her would materially promote the best interests of the children.Ex parte McLendon, She failed to carry that burden.
The record is devoid of any evidence that tends to show that the father's alleged activities were detrimental to the children. The children's teachers testified that they were happy children, that they did extremely well in school, and that the father and step-mother were very involved in school activities. The children testified and each stated that she wished to live with their father.
We find that the evidence supports the court's refusal to modify custody.
The mother next contends that the trial court erred in failing to award her attorney fees. She suggests that she was entitled to such an award because the trial court found the father to be in contempt of the original decree.
The award of attorney's fees is a matter within the discretion of the trial court and will be reversed on appeal only for an abuse of that discretion. Reynolds v. Reynolds,376 So.2d 732 (Ala.Civ.App. 1979). We find no such abuse.
The facts of this case present an unusual situation. The record reveals that there is a great deal of animosity between the parties, and between their respective new spouses (who were formerly married to each other and at the time of the hearing were involved in a similar custody dispute). The father's attorney accurately commented that this is not a fight over child custody but that "[t]he evidence shows that these parties are at war." The "war" involves not only the parties and their spouses; both the mother's family and the father's family have been involved in the combat. A detailing of the hostility is unnecessary. It is sufficient to say that it has been demonstrated by the use of firearms and force, harassing telephone calls, foul gestures and language, warrants for arrest, and complaints for civil actions. We are astounded that the evidence failed to show that the children have not been detrimentally affected by their parents' and relatives' behavior. It would behoove all parties concerned to think of the children and their best interests before continuing with the same course of actions.
The judgment of the trial court is affirmed.
The father's request for an attorney's fee on appeal is granted in the amount of $500.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and *Page 313 
this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.