L. CHARLES WRIGHT, Retired Appellate Judge.
The parties were divorced in 1988. The mother was given custody of the parties’ minor child.
In July 1992 the father filed a petition for modification, seeking custody of the child. Following lengthy oral proceedings, the trial court entered an order awarding custody to the father, but providing that the child reside with the mother from Monday through Friday of each week during the school year. The court further ordered that the child would reside with the father during the summer months. Other visitation was provided for. The father appeals, pro se, contending that the trial court erred in not giving him full custody and that the judgment is unworkable. The mother has not filed a brief with this court, A statement she filed was not considered by this court because it was filed too late.
We agree with the father that the judgment as to custody is unworkable and is not in the best interests of the child or the parties and must be reversed. However, we must point out that the court arrived at such a judgment by using the wrong standard of law.
In reaching its decision, the trial court made the following finding: “[u]pon hearing the evidence it is the order, judgment and decree of the court that the best interest of the child will be served if custody of the child is awarded to the father.”
The best interests of the child are of paramount concern in all matters concerning child custody. Clayton v. Clayton, 598 So.2d 929 (Ala.Civ.App.1992). However, when a noncustodial parent seeks to modify a prior custodial decree, the more stringent standard of Ex parte McLendon, 455 So.2d 863 (Ala.1984), must be applied. In such a situation, the noncustodial parent has the burden of showing that a change in custody will materially promote the child’s best interests and welfare. Ex parte McLendon. The petitioning parent must also show that the positive good brought about by the change in custody would more than offset the inherently disruptive effect caused by uprooting the child. Butts v. Startley, 600 So.2d 310 (Ala.Civ.App.1992).
When the trial court is presented evidence ore tenus, its determination is presumed to be correct, and its judgment will not be disturbed on appeal unless it is shown to be plainly and palpably wrong. Butts. Here, the trial court failed to apply the proper standard. It utilized the “best interests” standard when it should have used the more stringent McLendon standard. The trial court’s failure to employ the proper standard is reversible error. Clayton.
*476 We have read the interesting record, including the lengthy oration by the judge to the parties in open court. It is evident that the judge has been the recipient of a number of petitions between the parties, particularly by the father, pro se. He is highly vexed by the misuse of the time and services of the court in the hearing of the petitions, which apparently arose out of the treatment by the parents (primarily the mother) of custodial and visitation privileges granted by the court in prior decrees. Such conduct is all too prevalent in divorce-child custody eases.
The effect of the vexation of the trial judge was the entering of a judgment which is not only erroneous as a matter of law, but is contrary to good reason and equity. The judge professed that he doubted its workability. The father, to whom custody was granted, lives in Maryland, and the school which the child is to attend is in Lee County, Alabama. The child is to “visit” with the mother five days a week to attend school in Alabama and live with the father on weekends and in the summer in Maryland. No parental decision concerning the child may be made by the mother without the consent of the father. Such an obviously unworkable judgment is fair to no one, particularly the child. It is surely no solution to the bringing of more petitions.
The record contains no evidence of conduct of the mother detrimental to the best interests of the child, except that she tells the child bad things about the father and interferes with his visitation rights. We consider that such acts are certainly improper and may be dealt with within the power of the court. However, they are not to be cured by the inherently disruptive effect of changing custody as directed by the judgment below. McLendon.
There is one other aspect of the record that this court considers should be commented upon. We have referred to the remarks made by the judge in open court, and that he obviously was vexed by the actions of the parties. As a result of his vexation, he spoke some unjudicial words that could only tend to bring disrepute upon the court and its judiciary. We will not repeat the words here, but do here remind a distinguished and conscientious judge that the title, “your hon- or,” wears heavily.
The judgment of the trial court is reversed and the cause remanded for reconsideration and entry of a judgment according to the McLendon standard. Such judgment should place custody for the best interests of the child and not to avoid further filings by the parents.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12 — 18—10(e), Code 1975, and this opinion is hereby adopted as that of the court.
REVERSED AND REMANDED WITH DIRECTIONS.
All the Judges concur.