L. CHARLES WRIGHT, Retired Appellate Judge.
The parties have been before this court previously. In Evans v. Evans, 642 So.2d 474 (Ala.Civ.App.1993), this court remanded the matter to the trial court for it to reconsider the evidence pertaining to a change of custody by applying the standard promulgated in Ex parte McLendon, 455 So.2d 863 (Ala.1984). On remand, the Circuit Court of Lee County determined that the father had not met his burden under McLendon. It declined to change custody to the father. It further restricted the father’s visitation to two days per month, with no right to overnight visitation.
The father appeals and asserts that the trial court erred in limiting his visitation with the minor daughter.
As to that issue we repeat, as we have in hundreds of prior cases, that the determination of visitation of children with a divorced parent is a matter for the exercise of the judicial discretion of the trial court. This court will not alter or review the result of that exercise unless it is so contrary to the evidence presented as to amount to plain abuse of that discretion and is therefore con *790 trary to the best interests of the child. Bebee v. Hargrove, 607 So.2d 1270 (Ala.Civ.App.1992).
The record reflects that the parties’ nine-year-old daughter was experiencing difficulty with her court-ordered visitation with the father. The trial court heard the evidence and discussed the matter with the child in chambers. The trial court determined that the limited visitation would be conducive to reestablishing a relationship between the daughter and the father. It specifically stated that the visitation arrangement was temporary. It ordered the parties to return to court in three months.
The parties returned to court. The trial court heard the evidence and discussed the matter again with the daughter. It determined that its prior order limiting visitation should stand.
The trial court was very conscientious in its endeavor to repair the damaged relationships stemming from this failed marriage. After thoroughly reviewing the record, we find no error in the trial court’s order as it relates to the father’s visitation.
The judgment of the trial court is affirmed.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975.
AFFIRMED.
All the judges concur.