THIGPEN, Judge.
This is a post-divorce case.
David Terry (father), and Theresa Lynn Terry Ragland (mother) divorced in August 1990. Their agreement was incorporated into the final judgment, which awarded custody of the four minor children to the father and ordered the mother to pay child support. In November 1992, the mother filed a petition seeking to modify the divorce judgment; specifically she sought custody of the children and child support from the father. Ultimately, the court-appointed special master recommended that custody of the children be changed to the mother and provided a report containing specific fact-based reasons for that recommendation. The father filed his objection to the special master’s report, and after ore tenus proceedings, the trial court changed custody of the children to the mother and ordered the father to pay support.
The mother filed a timely post-judgment motion. Before the trial court’s disposition of that motion, the father filed an appeal. The mother’s motion was deemed denied by operation of law. Rule 59.1, A.R.Civ.P. The father’s appeal, which had been held in abeyance while the mother’s post-judgment motion was pending, “became effective upon the date of disposition” of the mother’s motion. Rule 4(a)(5), A.R.App.P. The mother did not cross-appeal.
The dispositive issue is whether the trial court abused its discretion in modifying the divorce judgment regarding the matter of child custody.
In child custody modification cases, a presumption of correctness accompanies a trial court’s ruling that is based upon ore tenus evidence, and that judgment will not be disturbed on appeal unless it is unsupported by record evidence and is, therefore, plainly and palpably wrong. Butts v. Startley, 600 So.2d 310 (Ala.Civ.App.1992). To be entitled to a change of custody, the petitioner bears the heavy burden of proving that a material change of circumstances has occurred since the entry of the last custody judgment, and that changing custody would materially promote the children’s best interest. Ex parte McLendon, 455 So.2d 863 (Ala.1984). In this ease, the mother was required to go beyond a mere showing that she had remarried, that *541 she had changed her lifestyle, and that her financial situation had improved. She had to show that the children’s welfare and best interest would be materially promoted by changing their custody to her, and she must also show that the benefits of changing the children’s custody to her outweigh any disruptive effect caused by uprooting the children. McLendon, 455 So.2d 863. Here, the mother has remarried and can offer a home large enough to accommodate the needs of the children. Her new husband indicates a commitment to helping to care for her children, financially and otherwise, and the mother has been furthering her education in an effort to improve the family’s overall prospects.
While the children’s preferences regarding custody are entitled to some weight, those preferences are not controlling, because the primary consideration in custody disputes remains the best interest and welfare of the children. Rogers v. Rogers, 345 So.2d 1368 (Ala.Civ.App.1977). The record discloses that the trial court considered the children’s wishes, along with a variety of other appropriate factors, including each child’s age and sex; the children’s emotional, social, moral, material, and educational needs; and the character, stability, and mental and physical health of each parent, and the respective home environments. Ex parte Devine, 398 So.2d 686 (Ala.1981).
The record reveals that, before the mother filed her petition, the father and the parties’ four children were living in a two-bedroom mobile home belonging to the father’s new wife. The new wife’s two children also lived with them; therefore, there were six children sharing one bedroom, and some of the children slept in sleeping bags on plywood without a mattress. The record evidence indicates that the father’s employment and the home he provided the children were, at best, inadequate and unstable.
Before the final ore tenus proceeding on the mother’s petition, wherein both parties testified and also presented other witnesses, the trial court appointed a special master specifically trained to work with families. That professional was ordered “to hold a reference and give the Court an evaluation of the emotional needs and parental planning” for the children. In its comprehensive order concerning the duties of the special master, the trial court detailed instructions regarding the examinations, interviews, and procedures to be utilized by the special master before making a recommendation to the trial court on the mother’s petition. In its recommendation, the court-appointed special master indicated compliance with the process ordered by the trial court and provided specific information to the trial court drawn from his interviews with the parties and the children, “individually and collectively.” The report indicated factors used in evaluating the needs of the children, and the ability and willingness of each parent to respond to those needs, including the “increased attention and care” required by one child who is experiencing developmental and educational problems.
The father filed a written objection to the report of the special master and had opportunities at ore tenus proceedings to challenge that report and recommendation. Although he argues in his brief on appeal that the trial court erred in failing to consider “inaccuracies” in the report that he says “were clearly shown to the Trial Court,” he offers nothing to support his argument. Rule 28, A.R.App.P. Similarly, although he raised the issue of whether the trial court abused its discretion in its child support determination, he fails to argue that issue and provides no support other than his mere assertion in relating his issue. Rule 28, A.R.App.P.
The record is replete with evidence that supports the trial court’s findings and judgment regarding the change of custody. The mother met the requirements for a custody modification, and the father has failed to reveal error on appeal. Accordingly, the judgment of the trial court is due to be, and it is hereby, affirmed.
AFFIRMED.
ROBERTSON, P.J., and YATES, MONROE, and CRAWLEY, JJ., concur.