This is a custody case.
In October 1994, Timothy Levon Washington filed a petition seeking, among other things, an order of custody of a minor child, born in 1989, prior to the mother's current marriage, and the establishment of the child's paternity. Washington alleged that he and Sharon Durrah Tribble (mother) had never been married, that the child had been in his custody since August 1994, and that it would be in the child's best interest for custody to be placed with Washington. Thereafter, the trial court granted custody to Washington, pending a final hearing.
After ore tenus proceedings, the trial court found Washington to be the father, awarded him custody of the minor child, and granted the mother certain visitation rights. The mother appeals.
In its order, the trial court made the following findings:
 "[Washington] offered proof of his ability to properly rear the minor child by evidence of his involvement in the child's school and church. He also presented testimony about his day to day care of the child such as feeding, clothing, and insuring that the child had proper medical care.
 "The [mother] did not offer evidence as to these specific factors but only elicited testimony that she was a 'good mother' that she 'loved the baby' and that she and the baby 'got along all right'. However, . . . there was no evidence offered that the [mother] abused or neglected the minor child.
 "The respective home environments of the parties was the disputed factor. [Washington] contends that he should be awarded custody because the [mother]'s home environment is detrimental because of her poor relationship with her husband, Robert Tribble.
 "[Washington] testified that [the mother] had called him on many occasions to come and get the child because she . . . and her husband were 'having trouble'. This testimony was corroborated by [Washington]'s parents and by Bryant Doughty. Doughty testified that he had accompanied [Washington] on three occasions to the [mother]'s home to get the minor child. He testified that the [mother] had called and told [Washington] to come and get the child because the [mother] and her husband were 'into it'.
 "[The mother] denied [Washington]'s allegations of domestic problems. She also denied that she told [Washington] to come and get the child because of marital problems. . . .
 "The [mother]'s testimony about her calls to [Washington] was contradicted by her own witnesses. . . .
 "The Court does not fault the [mother] for calling [Washington] for help. On the contrary, it was in the child's best interest to have [Washington] and his family as a resource for the child. However, because the [mother] is moving to Hawaii with her husband to his new military post is a very important consideration in light of the evidence pertaining to the parties' respective home environments."
The law regarding child custody is well settled. When a trial court receives ore tenus evidence, the resulting judgment is presumed correct on appeal and will not be disturbed unless it is unsupported by the evidence and is, therefore, plainly and palpably wrong, or unless an abuse of the trial court's discretion is shown. Butts v. Startley, 600 So.2d 310
(Ala.Civ.App. 1992). In an initial custody determination, the parties come to the court on equal footing, without a favorable presumption to either. Santmier v. Santmier, 494 So.2d 95
(Ala.Civ.App. 1986). Additionally, in an initial custody determination, the appropriate standard to be applied is the best interests of the child. See Ex parte Couch, 521 So.2d 987
(Ala. 1988). This court will presume that the trial court correctly applied its discretionary authority to adjudge the child's best interests because the trial court is in the best position to see and hear the witnesses, and if the judgment is *Page 470 
supported by credible evidence, it is our duty to affirm it.Cole v. Cole, 442 So.2d 120 (Ala.Civ.App. 1983). In making its custody determination, a trial court should consider, inter alia: the home environment offered by each parent; the capacity of each parent to provide for the needs of the child; the relationship of the child to each parent; the child's emotional, social, moral, and educational needs; and the age, stability, character, and mental and physical health of each parent. Murph v. Murph, 570 So.2d 692 (Ala.Civ.App. 1990).
The mother contends that the trial court erred by awarding custody of the minor child to the father on the ground that she would be moving out of state; she cites several cases, which she concedes are distinguishable from her case. The mother also unpersuasively argues that, because she had physical custody of the minor child from the child's birth in 1989 until approximately August 1994, and because Washington refused to allow the child to return to her residence, the father had agreed "by implication" that she should have custody. It is noteworthy that the amount of time the child had spent in the custody of each parent was disputed.
After a careful review of the record, we conclude that the evidence was sufficient to support the grant of custody to Washington. See Ex parte Murphy, 670 So.2d 51 (Ala. 1995). We cannot say that the judgment of the trial court is unsupported by the evidence or that it is plainly and palpably wrong.Butts, 600 So.2d 310. Therefore, the judgment of the trial court is due to be, and it is hereby, affirmed.
Each party's request for an attorney fee is denied.
AFFIRMED.
ROBERTSON, P.J., and MONROE, J., concur.