This is a child custody modification case.
The trial court divorced the parties on December 6, 1991. The divorce judgment incorporated an agreement of the parties stating that the parties would exercise joint custody of their minor child, with the mother having physical custody. In May 1996, after learning that the mother wanted an increase in child support, the father petitioned to modify the custody provision, alleging: (1) that the mother was living with a member of the opposite sex, without benefit of marriage; (2) that the father was "the fit and proper person" to have physical custody of the minor child; (3) that it would be in the best interests of the child for the father to have physical custody; and (4) that the child wished to live with the father. After a hearing, the trial court, on September 9, 1996, entered an order stating: "The Court finds that the cumulative affect of all the evidence is that the welfare of the parties' minor child will be materially promoted if the physical custody of said child is placed with the Father." The mother appeals.
Both the mother and the father testified at the hearing, along with several other witnesses for both parties. The mother denied that her former boyfriend had lived with her, but she admitted that he had stayed with her on some occasions. She also testified that she was no longer involved with the man. She stated that, except for a period of time when the man was recuperating from surgery, she felt that the child had been completely unaware of the sleeping arrangements until recently, when the father had questioned the child about it. The mother denied going out every weekend, but admitted to occasionally going out when the child was visiting relatives. The mother testified that the child had had some difficulties learning letters and sounds in kindergarten and that she had met with the child's teachers concerning these problems. The teacher had reassured the mother that this was a common problem in younger kindergartners; the mother resolved the problem by studying with the child. The mother and child lived in a two-bedroom, 1,000-square-foot condominium. The mother works from 6:30 a.m. to 3:30 p.m. The child goes to a day care center before and after school; the child rides a bus to and from school, and the mother picks up the child approximately 30 minutes after the child returns to the day care center in the afternoon. A neighbor testified that the child was well fed, well dressed, and otherwise well cared for.
The father testified that he was seeking a change in custody because, he said, the child was "not in a good environment"; had had learning problems in school; had to go to day care after school; did not eat dinner at the same time every night; had no friends at the condominium complex where the child lived; and had nowhere to ride a bicycle. He further testified that if the child lived with him, the child would not have to go to day care before and after school; could play in a fenced-in back yard; could ride a bicycle on the sidewalk; and could play with neighborhood children. The father lives in a 1,500-square-foot, three-bedroom house, with his current wife and their two-year-old son. The father's own testimony revealed that he, also, went to work at 6:30 a.m., but, he said, *Page 1091 
because of his position, he felt he would be able to change his schedule if custody were awarded to him. Testimony before the court was that the child was reluctant to leave the mother for visitation with the father, but also that, when visitation was over, the child was reluctant to leave the father.
When a noncustodial parent seeks to modify the custody provision of a prior judgment, the evidentiary standards set forth in Ex parte McLendon, 455 So.2d 863 (Ala. 1984), must be applied. The petitioning parent must show that a change in custody will materially promote the child's best interests and welfare. Id. That parent must also show that the good brought about by the change in custody would more than offset the inherently disruptive effect caused by uprooting the child.Butts v. Startley, 600 So.2d 310 (Ala.Civ.App. 1992). The ore tenus rule applies in such a proceeding, and the trial court's judgment based on findings of fact will not be reversed absent a showing that the findings were plainly and palpably wrong.Scholl v. Parsons, 655 So.2d 1060 (Ala.Civ.App. 1995). In Exparte Peppers, 703 So.2d 299 (Ala. 1997), our supreme court addressed a similar situation. In reversing this court's affirmance of the trial court's change in custody, the supreme court stated:
 "[T]here are no allegations that [the mother] is an unfit mother or that she has failed to provide the child with all the benefits necessary to her mental, physical, and emotional health. The trial court's order . . . appears to be based primarily on a perception that [the father] could provide the child with more material possessions and a more interesting and more varied life [where the father lives]."
703 So.2d at 301. The supreme court noted that the trial court had stressed that the father had provided his children from another marriage with the benefits of travel and ballet and karate lessons and that this child could also expect to have these advantages if she lived with the father, but that the trial court had not recognized that the father had provided his other children with "material advantages" without having had primary custody. 703 So.2d at 302.
Although the trial court in its order uses some of the language set out in Ex parte McLendon, supra, we conclude that it did not properly apply the McLendon rule, i.e., that the petitioning parent must show by substantial evidence that the custody change would materially promote the child's best interests. Further, the father did not prove that the good brought about by a change in custody would offset the "inherently disruptive effect" of the change. The standards for a change of custody must be adhered to strictly and should not be used as a device to determine which parent can provide the child with "material advantages." Accordingly, the judgment is reversed and the case is remanded for the trial court to enter an order consistent with this opinion.
REVERSED AND REMANDED WITH INSTRUCTIONS.
ROBERTSON, P.J., and MONROE, CRAWLEY, and THOMPSON, JJ., concur.