This is a child-support-modification case. The trial court divorced the parties in March 1992. Pursuant to an agreement of the parties, the mother and father were awarded joint legal custody of their minor child, with the mother having primary physical custody. The agreement provided that "there shall be no child support obligation on the part of either party hereto, since custody has been vested jointly in the parties." The parties modified the agreement in 1994, and pursuant to that agreement, the court entered an order on March 24, 1994, stating in part:
 "3. The [father] shall pay to the [mother] the sum of $250.00 per month as child support with the first payment being due in April of 1994. The [father] shall increase this child support by the sum of $25.00 per month each time that the [father] receives a promotion in his GS status. The [father] currently has a status of GS-8 and the pay increase shall *Page 1176 
begin for each promotion in the GS status.
 "4. The [mother] and [father] acknowledge that the amount of child support is less than the support recommended by the guidelines of Rule 32, [Ala. R. Jud. Admin.]. The parties acknowledge that the amount of child support as awarded and agreed upon is a compromise settlement and was agreed upon as a part of an integrated bargain and a total resolution of all the issues contained in this case. The parties have specifically made known to the Court that they arrived at the amount of child support to be paid and the periodic increases in child support as a method to avoid the necessity of further legal action and attempting to modify the decree from time to time as circumstances may change. The parties acknowledge that this agreement for periodic increases in child support shall be in lieu of any further efforts to increase child support in the future and shall be in lieu of the application of child support guidelines in the future so long as the [father] remains employed in a capacity that would provide him with a GS status."
In January 2000, the mother petitioned for a modification in child support, alleging a material change in circumstances and alleging that the father had failed to increase his child-support payments as stipulated in the 1994 order. She also requested that she be allowed credit for providing health insurance because, she alleged, the father "lives out of state and the insurance carrier does not provide adequate coverage for doctors or hospitalization in this area," and she requested that the father provide "a policy of life insurance in an approximate amount to cover child support through the minor child's nineteenth birthday and one half of college tuition in the event of his death."
Following an ore tenus proceeding, the court, on June 13, 2000, entered an order stating in part:
 "1. The [father] shall pay $919.86 per month child support in accordance with Rule 32 Guidelines, effective January 6, 2000. The [father] shall pay $4,020.00 arrears payable at the rate of $100.00 per month effective June 15, 2000.
 "2. The [mother] shall maintain in full force and effect medical, hospitalization, and dental insurance on the minor child. The [father] shall reimburse the [mother] one-half (1/2) of any unpaid medical, hospital, and dental bills not covered by the health insurance maintained by the [mother].
 "3. The [father] shall maintain a policy of life insurance on himself with beneficiary named as the minor child in the event of his death. The policy shall be in an approximate amount to cover child support through the minor child's nineteenth birthday and one half of college tuition for four (4) years at a state institution so long as the minor child maintains a `C' average. [The father] shall furnish proof of said policy and proof of payment of premium to the [mother] upon reasonable demand."
The court denied the father's postjudgment motion on July 7, 2000; the father appeals.
The father argues that the court erred in (1) modifying its prior child-support order, which had been based on the prior agreement of the parties; (2) calculating the child-support obligation; (3) allowing the mother to provide health insurance for the minor child; and (4) requiring the father to provide life insurance on himself for the benefit of the minor child.
Our standard of review in a case involving a modification of a child-support order is well settled. Matters related to *Page 1177 
child support, including subsequent modifications of a child-support order, rest soundly within the trial court's discretion and will not be disturbed on appeal, absent a showing that the ruling is not supported by the evidence and thus is plainly and palpably wrong.Berryhill v. Reeves, 705 So.2d 505 (Ala.Civ.App. 1997);Williams v. Braddy, 689 So.2d 154 (Ala.Civ.App. 1996). A child-support award may be modified upon a showing of a material change of circumstances that is substantial and continuing. Id.; State ex rel.Shellhouse v. Bentley, 666 So.2d 517 (Ala.Civ.App. 1995). "Factors indicating a change of circumstances include a material change in the needs, conditions, and circumstances of the child." Id., at 518. The primary consideration in awarding child support is the welfare and best interests of the child. Balfour v. Balfour, 660 So.2d 1015
(Ala.Civ.App. 1995).
The father testified that he is employed with the Federal Bureau of Prisons, at a GS-11 pay status. He stated that he had been promoted from GS-8 status to GS-9 status in 1995 and from a GS-9 status to a GS-11 status in August 1999; however, he admitted that he did not increase his child-support payment as he was required to do by the 1994 order. He further stated that he began sending the mother $300 per month in February 2000, after she had petitioned for a modification. There was conflicting testimony as to the father's current income. His most recent pay stub showed a gross salary of $28,843 through May 11, 2000. When questioned whether his earnings would be approximately $88,000 per year, based on that pay stub, he stated that he did not believe it would be that amount. The record contains a Form CS-42 ("Child Support Guidelines" form) that shows a monthly income of $7,352 for the father and $4,749 for the mother. The record also contains a Form CS-41 ("Income Statement/Affidavit") for the mother; however, there is no CS-41 income affidavit for the father.
The mother testified as to the increased needs of the child, stating that all of the child's expenses had increased "because she's not five, she's twelve, she requires more food, more clothing." Regarding health insurance, she said that she wanted to provide coverage through her employer because the father's insurance provider was "out of state [and] it makes it difficult for me because I'm on a different health plan, which means that we both have to go to separate doctors." The cost of providing coverage through her employer, according to the mother, would be $250 per month.
This court has consistently held that a child-support order is always subject to modification based on a change of circumstances and a change in a parent's ability to pay. Lo Porto v. Lo Porto, 717 So.2d 418
(Ala.Civ.App. 1998). Further we have held that an order that prohibits the modification of a child-support obligation is unenforceable because it would impermissibly restrict the court's ability to modify its support order based on a change of circumstances. See Cole v. Cole, 540 So.2d 73
(Ala.Civ.App. 1989). We therefore reject the father's argument that the court abused its discretion in modifying its order that had been based on the 1994 agreement between the parties. In addition, the father admitted that, although he had received two promotions amounting to an increase of three levels on the GS pay scale, he had not increased his child-support payments in accordance with the parties' agreement. Accordingly, if the agreement was valid, then the doctrine of "unclean hands" would prevent the father from enforcing the provisions contained in *Page 1178 
the 1994 order. See Hilson v. Hilson, 598 So.2d 955
(Ala.Civ.App. 1992).
As to the child-support calculation, this court has consistently held that the application of the Rule 32 "Child Support Guidelines" is mandatory. State ex rel. Department of Human Res. v. Hogg, 689 So.2d 131
(Ala.Civ.App. 1996). Although the record contains a completed CS-42 "Child Support Guidelines" form and a CS-41 "Income Affidavit" form for the mother, it does not contain a CS-41 form for the father. A "Notification of Personnel Action" form for the father, dated August 29, 1999, shows an adjusted basic pay of $48,161; his most recent pay stub, submitted at the time of trial showed gross earnings to-date of $28,843; and the CS-42 form lists his gross monthly income as $7,352. Because we are unable to discern how the trial court determined the support obligation of $919.86 per month and the $4,020 in child-support arrearage, other than by relying on the CS-42 form submitted by the mother, we reverse that portion of the judgment. On remand, the court is to get into the record all required child-support forms, properly completed, so that the court will have before it documents indicating the proper child-support obligation. Martin v. Martin, 637 So.2d 901
(Ala.Civ.App. 1994); Ullrich v. Ullrich, 736 So.2d 639 (Ala.Civ.App. 1999).
We affirm that portion of the judgment allowing the mother to provide full health insurance coverage for the child. Uncontradicted testimony indicated that the father's insurance is provided by an out-of-state provider and that it is more difficult for the mother to use the father's insurance than to use her own. We therefore see no logical basis to require the father to provide health insurance for the child. See Statev. Owens, 764 So.2d 1274 (Ala.Civ.App. 2000).
Finally, as to the issue of life insurance, this court has stated that "a trial court has the authority to order a parent to maintain life insurance naming the child as a beneficiary." Jordan v. Jordan,688 So.2d 839, 842 (Ala.Civ.App. 1997). However, in this case, the trial court erred in basing the amount of life insurance on anticipated postminority support needed for educational expenses. In Massey v.Massey, 706 So.2d 1272 (Ala.Civ.App. 1997), we held that it was reversible error to award postminority support for a two-year-old child. That award was "premature and lacked an evidentiary basis." Id. at 1274. At the time of trial, the child involved in this case was 12 years old and could not have demonstrated an aptitude, commitment, or desire to attend college. Accordingly, we reverse that portion of the judgment regarding the father's obligation to provide life insurance based on anticipated postminority support. On remand, the court may use its discretion to order that the father maintain a life insurance policy on himself that names the child as beneficiary; however, the amount may not be based on an award of postminority support.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
Crawley, Thompson, Pittman, and Murdock, JJ., concur.