PITTMAN, Judge,
dissenting.
It was not the father’s burden to adduce, in the language of the main opinion, “evidence that the children’s current living arrangement had a detrimental effect on them.” See Ex parte McLendon, 455 So.2d 863, 866 (Ala.1984) (holding that a noncustodial parent seeking a change in custody must show that a change of custo *180 dy materially promotes” a childs best interests and welfare, and rejecting proposition that the parent seeking custody has the burden of showing a change in circumstances that “adversely affect” child’s welfare). In my view, evidence of the father’s improved financial and living situation, coupled with, among other things, evidence of the mother’s living conditions and her deteriorated health is sufficient to support the trial court’s custody judgment. See Terry v. Ragland, 666 So.2d 539 (Ala.Civ.App.1995), and Skinner v. Hargett, 494 So.2d 652 (Ala.Civ.App.1986). Because our review is “limited to whether there was evidence to support the trial court’s judgment,” Ex parte Patronas, 693 So.2d 473, 475 (Ala.1997), I respectfully dissent.