George Bryan McCraney, the father, was divorced from Shannon McCraney, the mother, on August 18, 2000. One child was born of the parties' marriage. The parties were awarded joint custody of the child, with the mother having primary physical custody. In August 2002, the father petitioned for custody of the child, alleging that the change of custody would materially promote the child's best interest and seeking to have the mother pay child support. The mother answered, denying the allegations and counterclaiming for an increase in child support.
Following an ore tenus proceeding, the court, on September 25, 2003, entered an order denying the father's petition for a change of custody, denying the mother's petition for an increase in child support, and reducing the father's child-support obligation from $347.83 per month to "$263 per month in compliance with the [Rule 32, Ala. R. Jud. Admin., child-support] guidelines." The father appealed, contending that the trial court had erred in denying his petition for custody. The mother cross-appealed, contending that the trial court had abused its discretion in "arbitrarily reducing" the father's child-support obligation despite evidence demonstrating that, although the mother's income has decreased since the divorce, both the needs of the child and the father's income have increased since the divorce.
 The Father's Appeal
"The ore tenus rule is applicable to child-custody-modification proceedings, and the court's judgment based on its findings of fact will not be reversed absent a showing that the findings are plainly and palpably wrong." E.M.C. v. K.C.Y., 735 So.2d 1225,1228 (Ala.Civ.App. 1999). This presumption of correctness is based on the trial court's unique position to observe the witnesses and to assess their demeanor and credibility. Hall v.Mazzone, 486 So.2d 408 (Ala. 1986). This court has stated:
 "When a noncustodial parent seeks to modify the custody provision of a prior judgment, the evidentiary standards set forth in Ex parte McLendon, 455 So.2d 863 (Ala. 1984), must be applied. The petitioning parent must show that a change in custody will materially promote the child's best interests and welfare. Id. That parent must also show that the good brought about by the change in custody would more than offset the inherently disruptive effect caused by uprooting the child. Butts v. Startley, 600 So.2d 310 (Ala.Civ.App. 1992)."
Etheridge v. Etheridge, 712 So.2d 1089, 1091 (Ala.Civ.App. 1997). This court is not permitted to reweigh the evidence or substitute it judgment for that of the trial court. Ex parteBryowsky, 676 So.2d 1322, 1324 (Ala. 1996).
The father contended that a change of custody was warranted because, he alleged, the mother was not ensuring that the child was taking the appropriate medication to treat the child's medical condition and because, he alleged, the mother was not providing a stable home environment for the child. The father testified that he *Page 372 
was concerned for the child's welfare. In November or December 2000, the child developed a lingering illness. The father and mother thought the child had pneumonia. During a visit to the child's primary physician, Dr. David Laycock, in March 2001, Dr. Laycock told the mother and the father that he did not believe that the child had pneumonia; however, Dr. Laycock referred the child to a pulmonary specialist, Dr. Lawrence Sindel, who diagnosed the child with middle-lobe syndrome, a medical condition commonly associated with asthma that can cause the lungs to deflate. The child was prescribed Prednisone, Pulmicort, Albuterol, and an antibiotic. Dr. Sindel told the mother and the father that if the child was left untreated he could have a severe asthma attack or he could die. The father testified that the child did well on those medications and that the child's lung began reinflating. The child was then taken off the Pulmicort by Dr. Sindel. However, the child began to get sick again and was placed back on the Pulmicort by Dr. Sindel.
The father testified that the mother would not put the child on Pulmicort because she did not think it was needed and because she believed that the medicine was too expensive. The mother denied that she said that the Pulmicort was too expensive. The father took the child to Dr. Alma Herrera to get a second opinion about whether the Pulmicort was necessary. Dr. Herrera agreed that the child should be on Pulmicort.
The father also worried about the stability of the child's home environment. The father alleged that after the parties' divorce the mother continually changed residences and placed the child in numerous child-care facilities. At the trial however, the mother testified that she is now married and the that the child has a stable home life.
The mother testified that she took the child to see Dr. Dana Brasfield who is a specialist in pediatric pulmonology. Dr. Brasfield diagnosed the child with asthma, but she stated that the child needed to be treated only with the prescription medications Singulair and Albuterol, as needed. The mother also testified that the child has been on Singulair since October 2002, that the child has not had an asthma attack since then, and that the child is able to play baseball and football.
Based on the evidence presented, we conclude that the court did not err in denying the father's petition to modify custody. The child had seen four doctors. Two doctors thought that the child should be on Pulmicort, and two doctors felt that Pulmicort was not a necessary medication. The evidence indicated that the mother was concerned about the child's condition: she found Dr. Brasfield by conducting research on specialists who treat the child's condition, and she drove the child from Mobile to the hospital at the University of Alabama in Birmingham to get Dr. Brasfield's opinion on whether the child should be treated with Pulmicort. Dr. Brasfield, who is a specialist in pediatric pulmonology, did not believe that the child needed to take Pulmicort. The mother agreed with Dr. Brasfield and the child's primary physician, Dr. Laycock, who also did not believe that Pulmicort was a necessary medication. The father agreed with Dr. Sindel and Dr. Herrera, who believed that the child needed to take Pulmicort.
The mother and the father simply had a disagreement about which doctors were correct. The child has not had any asthma attacks since coming off the Pulmicort, and he is able to play baseball and football. We cannot say that the mother has acted inappropriately or that the father has meet his burden of proving that a change of custody will materially promote the child's *Page 373 
best interest and welfare. Ex parte McLendon, supra.
 The Mother's Cross-Appeal
The mother contends that the trial court erred in reducing the father's child-support obligation. When considering a modification of child support, this court has held:
 "Matters related to child support, including subsequent modifications of a child-support order, rest soundly within the trial court's discretion and will not be disturbed on appeal, absent a showing that the ruling is not supported by the evidence and thus is plainly and palpably wrong. Berryhill v. Reeves, 705 So.2d 505 (Ala.Civ.App. 1997); Williams v. Braddy, 689 So.2d 154 (Ala.Civ.App. 1996). A child-support award may be modified upon a showing of a material change of circumstances that is substantial and continuing. Id.; State ex rel. Shellhouse v. Bentley, 666 So.2d 517 (Ala.Civ.App. 1995). `Factors indicating a change of circumstances include a material change in the needs, conditions, and circumstances of the child.' Id., at 518. The primary consideration in awarding child support is the welfare and best interests of the child. Balfour v. Balfour, 660 So.2d 1015 (Ala.Civ.App. 1995)."
Wylie v. Wylie, 794 So.2d 1174, 1176-77 (Ala.Civ.App. 2001).See also Amaro v. Amaro, 843 So.2d 787, 793 (Ala.Civ.App. 2002); and Arnett v. Arnett, 812 So.2d 1246, 1249 (Ala.Civ.App. 2001). "This court has consistently held that a child-support order is always subject to modification based on a change of circumstances and a change in a parent's ability to pay."Wylie, 794 So.2d at 1177. Moreover, "[an] award of child support may be modified only upon proof of a material change of circumstances that is substantial and continuing." Romano v.Romano, 703 So.2d 374, 375 (Ala.Civ.App. 1997).
The father testified that his salary had increased to $14 per hour. He also testified that he paid $123 every two weeks for medical insurance that includes coverage for the child. The mother testified that she now makes $7.83 per hour, which is 17 cents less than what she made at her previous job. She also testified that she pays $160 per month for work-related child care.
Although the father's income had increased marginally at the time of the modification hearing, all of the expenses documented by the mother were expenses that had existed at the time of the divorce. Neither of the parents' testimony supports a finding of a material change in circumstances that warrants a reduction in child support.[1] Based on the evidence presented, we conclude that the trial court abused its discretion in reducing the father's child-support obligation. Upon remand, the trial court should review its original child-support order in light of the father's increase in salary to determine if an adjustment is required under the Rule 32, Ala. R. Jud. Admin., child-support guidelines.
The judgment is affirmed insofar as it denies the father's petition to modify custody; the judgment is reversed insofar as it reduces the father's child-support obligation, and the case is remanded for the trial court to enter an order consistent with this opinion.
APPEAL — AFFIRMED. *Page 374 
CROSS-APPEAL — REVERSED AND REMANDED.
CRAWLEY, THOMPSON, and PITTMAN, JJ., concur.
MURDOCK, J., concurs in the result, without writing.
[1] The trial court appears to have based the reduction of child support on the CS-42 child-support guidelines form submitted by the father. However, the father failed to include on that form the work-related child-care costs of $160 per month that the mother pays and he overstated his monthly insurance premiums by $33.50.