Plaintiff appeals and defendant cross-appeals from a decree of divorce. We affirm the judgment of the trial court.
The parties were married for 29 years. The union produced three children who have grown to adulthood. The marriage has been stormy for a number of years. There has been one previous divorce with reconciliation. There have been several separations with uncompleted actions for divorce.
The parties have come from original meager means to a position of relatively high income and prosperity. For three years prior to the termination of marital relations, the annual income of the husband has averaged nearly $100,000. As is so often the case, the new lifestyle produced by wealth proved divisive to the marital relationship.
Plaintiff wife brought the initial action for divorce alleging the grounds of adultery and incompatibility. The defendant husband filed cross-suit alleging incompatibility. Extensive testimony was taken ore tenus before the able trial judge. The personal actions of the parties for the last years were thoroughly laid open. The financial status and condition of the parties were closely examined. Each party declared the marriage to be irretrievable. Though this court has carefully read the transcript of the evidence, we find no need to expose in this opinion that portion relating to the personal actions of the parties which precipitated the end of the marriage. We will briefly discuss the matters related to the financial status.
The attention of plaintiff is called to the failure to properly follow the new appellate rules of procedure. Defendant has referred to such failure in brief. Plaintiff is directed to study Rule 28 (a)(3), ARAP. Her brief fails to conform to this provision. However, neither does the brief of cross-appellant comply with Rule 28 (a)(3). In this instance the court, in the interest of expediting a decision and because we are able to determine the issues from the argument, suspends Rule 28 (a)(3) under authority of Rule 2 and proceeds to a decision.
Plaintiff contends error because the court granted a divorce on the ground of incompatibility rather than upon the ground of adultery. Such was not error. We have previously held that the trial court is not bound to grant a divorce upon a particular ground when another is charged in the complaint, if the evidence supports the ground upon which the divorce is granted.Russell v. Russell, 45 Ala. App. 255, 229 So.2d 30. In such case it is immaterial that the evidence might equally have supported the ground of adultery. We do not determine in this case whether the evidence would or would not have supported a finding of adultery by defendant.
The other issue involved is presented by both appeal and cross-appeal. That is, the award of property, alimony and attorney fees is not supported by the evidence.
In light of that issue we briefly paraphrase the pertinent portions of the decree. Plaintiff was granted the home and environs with furnishings. She was given a 1970 Buick automobile, a 14 H.P. lawn tractor, $5,000 in cash and $1,200 per month in periodic alimony until remarriage, and *Page 450 
$5,000 in attorney fees. Defendant was required to keep in force a policy of life insurance upon his life for $30,000 with plaintiff as beneficiary until she remarried. Other minor matters in the decree are not of essence to our review.
The evidence disclosed that the net worth of defendant fell within a range of $250,000 to $750,000. He was the sole owner of a machine shop business operating for some 16 years as Allgood Manufacturing Company. He was sole stockholder of Alasco Corporation, a real estate holding and leasing company. The corporation held title to real estate purchased by defendant. Allgood leased from Alasco. Alasco owned other business and residential property totaling some 27 acres in or near Oneonta, Alabama. The home was located on a 7 to 10 acre tract adjoining the shop of Allgood Manufacturing. It was valued from $90,000 to $140,000. It was an eight room house with swimming pool and four-car garage. It was very nicely furnished and equipped. Defendant owned 50% of the stock in a recently formed service corporation called Municipal Services Corporation. Plaintiff owned nothing in her own name, neither real nor personal property except for jewelry and wearing apparel. The taxable income of defendant for 1974 was $92,759. He had personal indebtedness on notes of some $30,000. None of the real estate or the home was indebted. Defendant owned a large boat, a 1975 Mark IV automobile and the trucks, machinery and equipment of his business. His income for 1975 was predicted to substantially decrease due to economic conditions. Cash on hand was nominal.
Plaintiff estimated she required $2,000 in alimony to maintain her home and to live as she had become accustomed. She is in good health but had never worked outside the home during her marriage.
In reviewing the record, this court was impressed with the fairness, diligence and patience exhibited by the trial judge during the proceedings below. He emphasized in the record the difficulty in weighing the variations of the evidence and arriving at a reasonably just and equitable judgment. We consider that his decision satisfied the requirements of the law in such cases. Such judgment is for the reasonable exercise of the trial court's discretion. City of Mobile v. Wooley,278 Ala. 652, 180 So.2d 251. Unless clearly unjust in light of the evidence, such discretion may not be revised upon appeal.Colquett v. Williams, 264 Ala. 214, 86 So.2d 381. This court finds that the trial court did not improperly use its discretion in any areas complained of by plaintiff-appellant or defendant's cross-appeal. The judgment is in all respects affirmed. Plaintiff is denied attorney fees on appeal.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.