717 So.2d 418 (1998)
Pino LO PORTO
v.
Patricia Ann LO PORTO.
2970212.
Court of Civil Appeals of Alabama.
June 5, 1998.
*419 Claude D. Boone, Mobile; and William E. Shreve, Jr., of Lyons, Pipes & Cook, P.C., Mobile, for appellant.
L.P. Sutley and Spencer E. Davis, Jr., of Murchison & Sutley, L.L.C., Foley, for appellee.
WRIGHT, Retired Appellate Judge.
The parties were married in 1986. The wife had three children, two sons and a daughter, from a previous marriage. The husband adopted the three children. On July 3, 1996, the husband filed a complaint in the Baldwin County Circuit Court, seeking a divorce and an equitable division of the parties' property. The wife answered and counterclaimed, seeking custody of the two minor children, alimony, child support, post-minority educational support, all of the parties' real property, and an attorney fee. The wife also sought a temporary restraining order, requesting that the trial court prohibit the husband from harming, communicating, or threatening her or the children; from selling, disposing of, or encumbering any jointly held asset or any asset in the husband's name; and from changing the beneficiaries of his life insurance.
Following a hearing, the trial court entered a pendente lite order on July 22, 1996, awarding each party temporary exclusive possession of a house; ordering each party to pay one-half of the college and medical expenses of the two sons and one-half of the daughter's educational and medical expenses; and awarding the wife temporary custody of the children. The trial court also stated that the husband admitted to liquidating a jointly owned stock account and receiving $101,867.83 from that account and ordered the husband to pay the wife one-half of the $101,867.83, and to pay her $26,000 immediately. The trial court also entered a judgment in favor of the wife and against the husband in the amount of $21,000. The trial court further ordered that each party could draw a salary of $3,876 every two weeks from the parties' business.
Following oral proceedings, the trial court entered a judgment on July 16, 1997, stating, in pertinent part, as follows:
"4. The husband is ordered to pay child support in the amount of $770.00 per month commencing August 1, 1997, for the support of the minor child[1] of the parties, [the daughter]. The court orders that by its property division the court has awarded property to the wife which shall be deemed to constitute the payment of child support in the amount of $770.00 per month for a *420 period of two years (August 1, 1997, through July 31, 1999) in advance.
"....
"7. The former marital homeplace of the parties located on Gayfer Road, Fairhope, Alabama, is awarded to the wife. She shall be responsible for the payment of any outstanding indebtedness thereon and shall hold the husband harmless therefrom.
"8. The second home of the parties, referred to as the Bay House, is awarded to the husband. He shall be responsible for the payment of any outstanding indebtedness thereon and shall hold the wife harmless therefrom.
"9. The wife is awarded the Church Street property. She shall be responsible for the payment of any outstanding indebtedness thereon and shall hold the husband harmless therefrom.
"10. The wife is awarded the Middle Street Building and the Point Clear Building. There is no indebtedness thereon.
"....
"12. The wife is awarded the Buick automobile. She shall be responsible for the payment of any outstanding indebtedness thereon and shall hold the husband harmless therefrom.
"13. The wife is awarded the furniture and fixtures located in the Gayfer Road home.
"14. The husband is awarded the furniture and fixtures located in the Bay House property.
"15. The wife is awarded her jewelry, mink coats, clothing, and personal effects.
"16. The husband is awarded his jewelry, clothing, and personal effects.
"17. The husband is awarded the business known as H T & T, Inc., including all stock assets, inventory, and accounts receivable, and shall be solely responsible for any liabilities other than the Small Business Administration Loan or line of credit and the bill owed to ... the company's accountant.
"18. The parties shall each be responsible for the payment of one-half of the debt owed [to] the Small Business Administration as of the date of this decree....
"....
"21. The husband is awarded the manufacturer's drawings....
"22. The husband is awarded the $88,037.27 balance in his profit sharing account.
"23. The wife is awarded the $14,775.08 balance in her profit sharing account."
The trial court ordered each party to be responsible for certain marital debts.
The wife filed a motion to alter, amend, or vacate the judgment, which the trial court granted in part. The husband filed a post-judgment motion, which the trial court denied.
The husband appeals, contending that the trial court failed to comply with Rule 32, Ala. R. Jud. Admin., in calculating his child support obligation, that the trial court erred in awarding the wife property as pre-payment of his child support obligation, and that the trial court's division of property was an abuse of discretion.
The Alabama Rules of Judicial Administration were promulgated by our supreme court. Child support actions filed on or after October 9, 1989, are subject to the mandatory application of the child support guidelines of Rule 32, Ala. R. Jud. Admin. State ex rel. Dep't of Human Resources v. Hogg, 689 So.2d 131 (Ala.Civ.App.1996). A trial court, upon a written finding that application of the guidelines would be unjust or inequitable, has the discretion to deviate from the guidelines. Martin v. Martin, 637 So.2d 901 (Ala.Civ.App.1994). If a trial court fails to apply the guidelines or to present findings of fact indicating why the guidelines were not followed, this court will reverse. Hogg, supra.
In Martin, this court issued the following directive:
"We hold, therefore, that the word `shall' in Rule 32(E), Ala. R. Jud. Admin., mandates the filing of a standardized Child Support Guidelines Form and a Child Support Obligation Income Statement/Affidavit Form. In stipulated cases, however, the *421 trial court may accept the filing of a Child Support Guideline Notice of Compliance Form. We further hold that stipulated cases ... are the only exceptions to the requirement of filing a child support guideline form and income affidavit forms.... Without the child support [guideline] form and the income statement forms, it is difficult and sometimes impossible for an appellate court to determine from the record if the trial court did or did not correctly apply the guidelines in establishing or modifying child support obligations."
Early in this case, both parties filed CS-41 Child Support Obligation Income Statement/Affidavit Forms; however, their employment and income changed before trial and their forms were no longer accurate. The trial court did not complete a CS-42 Child Support Guidelines Form. As stated in Martin, the parties must complete and file accurate a Child Support Obligation Income Statement/Affidavit Forms and the trial court must also file a fully completed and signed Child Support Guidelines Form.
The husband also contends that the trial court erred in awarding the wife property as pre-payment of his child support obligation.
The purpose of the division of marital property is to give "each spouse the value of [his or her] interest in the marriage. Each spouse has a right, even a property right in this." Pattillo v. Pattillo, 414 So.2d 915, 917 (Ala.1982) (emphasis in original). The purpose of child support is to provide support for dependent children. Self v. Self, 685 So.2d 732 (Ala.Civ.App.1996). "Child support is always subject to modification based upon changed circumstances and a parent's ability to pay." Gordy v. Glance, 636 So.2d 459, 461 (Ala.Civ.App.1994).
The trial court awarded the wife real property as an advance or prepayment of the husband's child support obligation for a period of two years in the future. The trial court did not specify which property or properties it awarded as prepayment of the husband's child support obligation.
Based upon our review of the record, we conclude that the trial court's award of property to the wife as an advance or pre-payment of the husband's child support obligation was clear error, because it does not allow for a modification of that obligation for a period of two years. Moreover, because the trial court did not file a Child Support Guidelines Form and did not specify which property or properties it awarded the wife as prepayment of the husband's child support obligation, we cannot determine whether the trial court applied Rule 32 in establishing the husband's child support obligation or whether the property division was equitable. On remand, the trial court is instructed to revise its division of property according to marital interests, without child support consideration and to file a fully completed CS-42 Child Support Guidelines Form. The child support award should be for a periodic amount according to the child support guidelines of Rule 32.
The judgment of the trial court is reversed and the cause is remanded for further proceedings consistent with this opinion.
Both the wife and the husband request an attorney fee on appeal. Both requests are denied.
The foregoing opinion was prepared by Retired Appellate Judge L. Charles Wright while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Ala.Code 1975.
REVERSED AND REMANDED.
YATES, MONROE, and THOMPSON, JJ., concur.
ROBERTSON, P.J., concurs in the result.
CRAWLEY, J., concurs in the result, with opinion.
CRAWLEY, Judge, concurring in the result.
I concur in the reversal of the trial court's judgment; however, I disagree with the statement that the award of child support is not modifiable. The trial court intended that its award of property in lieu of child support payments be child support; accordingly, it is modifiable, because an award of child support is always modifiable upon proper proof. *422 State ex rel. Solaiman v. Aviki, 694 So.2d 19, 21 (Ala.Civ.App.1997).
NOTES
[1] The parties' second son reached the age of majority before the trial of the case.