The trial court divorced the parties on May 27, 1994. Pursuant to an agreement of the parties incorporated into the final judgment of divorce, the court, among other things, awarded the mother custody of the parties' minor child, with visitation to the father; ordered the father to pay $487 per month in child support; ordered the mother to provide hospitalization insurance and ordered the father to pay all the child's medical bills, including any doctor, dental, or drug bills not covered by insurance, as well as any deductibles; and ordered that should the parties agree on private education for the child the costs of tuition, books, and uniforms shall be shared equally between the parties.
On January 12, 1998, the father petitioned the court, seeking a modification of the visitation schedule. On March 2, 1998, the mother answered the father's petition and cross-petitioned for a rule nisi, asking the court, among other things, to hold the father in contempt for his refusal to pay certain medical expenses. On that same day, the mother petitioned the court, seeking a modification of the father's child support obligation *Page 247 
and alleging a material change in circumstances. The mother also alleged that the father had been ordered to pay one-half of the child's private school tuition, pursuant to the divorce judgment; that the tuition is due on the first day of each month; and that the father has refused to pay the tuition on the first of each month. The mother sought an order from the court requiring the father to pay the child's tuition on the first of each month. On March 19, 1998, the mother amended her cross-petition for a rule nisi, asking the court, among other things, to hold the father in contempt for his refusal to pay one-half of the child's private school tuition.
Following a proceeding at which ore tenus evidence was presented, the court, on August 27, 1998, entered an order increasing the father's support obligation to $629 per month, and making that increase retroactive to March 1998; requiring the father to reimburse the mother $78.28 for medical expenses she had incurred; awarding the mother $1,455 for part of the costs of private-school tuition she had paid; and denying the mother's additional request for private-school tuition. The father appeals.
The father contends that the court erred in failing to comply with Rule 32, Ala. R. Jud. Admin., because all of the necessary forms required by the child support guidelines were not filed. Application of the child support guidelines is mandatory in child-support actions filed on or after October 9, 1989. State ex rel. Dep't of Human Resources v. Hogg, 689 So.2d 131 (Ala.Civ.App. 1996). In Martin v. Martin, 637 So.2d 901, 902 (Ala.Civ.App. 1994), this court stated:
 "We hold, therefore, that the word `shall' in Rule 32(E), Ala. R. Jud. Admin., mandates the filing of a standardized Child Support Guidelines Form and a Child Support Obligation Income Statement/Affidavit Form . . . . We further hold that stipulated cases, i.e., where the parties have agreed upon a child support amount in compliance with the guidelines, are the only exceptions to the requirement of filing a child support guideline form and income affidavit forms."
Additionally, compliance with Rule 32(E) is mandatory, even though a trial court finds that application of the guidelines would be unjust or inequitable. Id. The trial court in this case deviated from the guidelines and stated in its order that its award of $629 per month was $75 per month more than the guidelines mandated. When Rule 32(E) has not been complied with and child support is made an issue on appeal, this court may reverse the judgment of the trial court and remand the case for further proceedings. Id.
The record indicates that both parties completed and filed a CS-42 Child Support Guidelines Form with the court. The forms indicate that the parties disagreed as to each other's monthly income and the amount of child support that should be paid. The record also contains the mother's properly completed CS-41 Child Support Obligation Income Statement/Affidavit Form; however, there is no CS-41 form filed by the father in the record. Further, the trial court did not complete a CS-42 Child Support Guideline Form. "[T]he parties must complete and file accurate Child Support Obligation Income Statement/Affidavit Forms and the trial court must also file a fully completed and signed Child Support Guidelines Form." Lo Porto v. Lo Porto, 717 So.2d 418, 421 (Ala.Civ.App. 1998). On remand, the trial court is directed to complete and file a CS-42 Child Support Guideline Form. See State ex rel. Dunnavant v. Dunnavant, 668 So.2d 851 (Ala.Civ.App. 1995). The father must file a completed and signed CS-41 Child Support Obligation Income Statement/Affidavit Form reflecting his circumstances at the time the child support calculation is made. We note that should the court on remand determine that application of the guidelines would be manifestly unjust or inequitable, and deviate from those guidelines in setting a support obligation, it must make the findings required by Rule 32(A)(ii), Ala. R. Jud. Admin. Hogg, supra. Because further proceedings are required with regard to the issue of child support, we will not address the father's other arguments concerning child support.
The father next contends that the court erred in ordering him to reimburse the mother for a portion of private-school tuition *Page 248 
she paid. The parties' agreement, incorporated into the final divorce judgment, stated, in part: "That in the event the parties agree on private school for the minor child, the tuition, books, and uniform costs shall be equally divided between the parties." The mother testified that the parties had agreed at the time of their divorce that the child would continue to attend the private school where he was enrolled and that they would share the expenses. She testified that the father had paid one-half of the registration fees and uniform costs for the `94-'95 and `95-'96 school years, but that he had not paid one-half of the tuition for those years. The mother said that the father had paid an equal share of registration fees, uniforms costs, and tuition for the '96-'97 school year, and for the `97-'98 school year through February 1998. She stated that he had stopped paying tuition in February 1998, after she filed harassment charges against him. The mother testified that the father never requested that the child be taken out of private school. In fact, the evidence indicates that the father had asked the mother to consider sending the child to a different private school because he said that the school he was recommending was "on the verge of" offering him employment and part of the compensation package was payment of the child's tuition.
The father testified that he had not agreed to send the child to a private school and that he had paid one-half of the tuition only after the mother threatened to seek additional child support. The father testified that he did not want the child attending private school because he "disagreed philosophically" with the idea of private schools and because he did not want to pay for private school. It is well settled that a trial court's judgment, when based on ore tenus evidence, is presumed correct and will not be disturbed on appeal unless that judgment is plainly and palpably wrong. Helms v. Helms, 624 So.2d 633 (Ala.Civ.App. 1993). The court found that the father had agreed to assist with the child's private-school education and ordered him to pay the mother $1,455, which represented the amount of tuition the father had failed to pay. The court heard disputed evidence with regard to whether the parties had agreed on a private-school education for the child; we cannot say that the court erred in reaching its determination.
The father next argues that court erred in ordering him to reimburse the mother $78.28 in medical expenses. The father fails to cite any supporting authority for his argument. Rule 28(a)(5), Ala.R.App.P., requires that an argument "shall contain the contentions of the appellant with respect to the issues presented, and the reasons therefor, with citations to the authorities, statutes and parts of the record relied on." We, therefore, will not address this issue. See Martin, supra.
The father's request for an attorney fee on appeal is denied.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED FOR FURTHER PROCEEDINGS.
Robertson, P.J., and Monroe, Crawley, and Thompson, JJ., concur.