Following an ore tenus proceeding, the trial court divorced the parties, awarding custody of the parties' minor child, age 17, to the wife, with reasonable visitation awarded to the husband. The court reserved the issue of child support; ordered the wife to continue to provide health-insurance coverage for the child and to pay all medical expenses not covered by insurance; and ordered each party to maintain a life-insurance policy with the minor child as beneficiary. Further, the court awarded each party any 401k or other retirement benefits in their respective names; awarded the husband the marital homeplace and furnishings and ordered him to be responsible for all future indebtedness *Page 489 
on the property; ordered that neither spouse receive alimony; and ordered each party to be responsible for any indebtedness in their separate names and to pay their own attorney fees. The husband appeals, arguing that the court abused its discretion in failing to award him periodic alimony; in failing to divide the wife's retirement funds; and in failing to award him an attorney fee.
In reviewing a judgment of the trial court in a divorce case, where the trial court has been presented ore tenus evidence, we are governed by the ore tenus rule. Under this rule, the trial court's judgment will be presumed to be correct and will not be disturbed on appeal unless it is plainly and palpably wrong.Hartzell v. Hartzell, 623 So.2d 323 (Ala.Civ.App. 1993). This presumption of correctness is based on the trial court's unique position to observe the witnesses and assess their demeanor and credibility.Hall v. Mazzone, 486 So.2d 408 (Ala. 1986). Additionally, matters of alimony and property division rest soundly within the trial court's discretion and will not be disturbed on appeal except for a plain and palpable abuse of discretion. Welch v.Welch, 636 So.2d 464 (Ala.Civ.App. 1994). Matters of alimony and property division are interrelated, and the entire judgment must be considered in determining whether the trial court abused its discretion as to either of those issues. Willing v. Willing,655 So.2d 1064 (Ala.Civ.App. 1995). Factors the trial court should consider in its award of alimony and its division of property include the earning abilities of the parties; the future prospects of the parties; their ages and health; the duration of the marriage; their station in life; the marital properties and their sources, values and types; and the conduct of the parties in relation to the marriage. Id., at 1067. Further, a division of marital property in a divorce case does not have to be equal, only equitable, and a determination of what is equitable rests within the sound discretion of the trial court. Id. Additionally, an attorney's fee may be allowed in divorce cases, in the discretion of the trial court. Holmes v. Holmes, 487 So.2d 950
(Ala.Civ.App. 1986).
The parties had been married for approximately 27 years. At the time of the hearing, the husband was 62 years old and the wife was 53 years old. Two children were born of the marriage — at the time of the hearing, one child had reached adulthood and the remaining minor child lived in a separate residence with the wife.
Both parties testified that during the first 10 years of the marriage the husband was an alcoholic and was abusive to the wife. The husband denied the wife's accusations that he had been physically abusive; however, he admitted that he continued to "yell and fuss" at the wife throughout the marriage.
After suffering a seizure around 1980, the husband entered a rehabilitation program and stopped drinking alcohol. The husband began losing his eyesight around 1981 because of a degenerative disease and, in 1991, was declared legally blind. Before losing his eyesight, the husband had worked for 20 years in construction; that work required overnight stays at job sites, and the husband would be in the home only on the weekends. The wife testified that she had maintained the home, reared the children, and handled all of the financial transactions for the parties throughout their marriage. The wife further stated that on several occasions she had sought legal advice about obtaining a divorce. The wife's testimony was corroborated by attorney Frank Thiemonge III, who stated that on at least three occasions he and the wife had discussed her suing for a divorce.
The wife stated that once the husband became disabled, in 1991, it became increasingly difficult for them to live together as husband and wife. Further, she stated that they had not been intimate in almost two years and that, although they resided in the same home, they "had no *Page 490 
life together." The wife admitted that during the past year she had become involved with someone she had dated before her marriage and that, at the time of the hearing, she was residing with this man, with the intent to marry him once she was divorced.
The wife has been employed with the same company for 30 years; her income was $33,300 per year at the time of the trial. She pays $240 per month for the minor child's attendance at a private school and provides health-insurance coverage; the son receives $480 per month in Social Security benefits because of the husband's disability. Those benefits will terminate when the child turns 18. The wife has a vested retirement plan, which will pay her approximately $767 per month, and a 401k plan valued at $30,000 to $40,000. The husband receives $925 per month in Social Security disability benefits and $136 per month from an asbestos claim, which will stop in about three years.
The parties owe approximately $60,000 on the marital residence; the five-bedroom house is valued at approximately $90,000 to $100,000. The wife requested that the marital residence be sold and the proceeds be awarded to the husband as a lump-sum property settlement in lieu of his being awarded any portion of her retirement funds. The husband also seeks the sale of the marital residence; however, he requests that the parties split the proceeds and that he be awarded periodic alimony.
After thoroughly reviewing the record, we cannot say that the trial court abused its discretion in denying the husband periodic alimony, a portion of the wife's retirement benefits, and an attorney fee. We note that the husband, by being awarded the marital residence, received a property settlement or alimony in gross of approximately $30,000.
We conclude, however, that the court abused its discretion in failing to reserve the right to order periodic alimony in the future. When a trial court does not award periodic alimony in a divorce case, or does not reserve the right to do so upon future consideration, its power to award alimony is permanently lost. Chambliss v. Chambliss,587 So.2d 406 (Ala.Civ.App. 1991); Grimsley v. Grimsley,545 So.2d 75 (Ala.Civ.App. 1989). It appears that the court failed to adequately consider the disparity in the parties' income and the husband's disability. See Maddox v. Maddox, 686 So.2d 343
(Ala.Civ.App. 1996).
That portion of the judgment regarding periodic alimony, the division of property, and an attorney-fee award is affirmed. However, to the extent that the judgment failed to reserve the right to award alimony in the future, it is reversed. The case is remanded for the trial court to enter an order consistent with this opinion.
The husband's request for an attorney fee on appeal is denied.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH INSTRUCTIONS.
Robertson, P.J., and Monroe, Crawley, and Thompson, JJ., concur.