YATES, Presiding Judge.
These parties have previously been before this court. See Etheredge v. Etheredge, 730 So.2d 245 (Ala.Civ.App.1999) (Etheredge I”).
We note the following procedural and factual history from Etheredge I:
“The trial court divorced the parties on May 27, 1994. Pursuant to an agreement of the parties incorporated into the final judgment of divorce, the court, among other things, awarded the mother custody of the parties’ minor child, with visitation to the father; ordered the father to pay $487 per month in child support; ordered the mother to provide hospitalization insurance and ordered the father to pay all the child’s medical bills, including any doctor, dental, or drug bills not covered by insurance, as well as any deductibles; and ordered that should the parties agree on private education for the child the costs of tuition, books, and uniforms shall be shared equally between the parties.
“On January 12, 1998, the father petitioned the court, seeking a modification of the visitation schedule. On March 2, 1998, the mother answered the father’s petition and cross-petitioned for a rule nisi, asking the court, among other things, to hold the father in contempt for his refusal to pay certain medical expenses. On that same day, the mother petitioned the court, seeking a modification of the father’s child support obligation and alleging a material change in circumstances. The mother also alleged that the father had been ordered to pay one-half of the child’s private school tuition, pursuant to the divorce judgment; that the tuition is due on the first day of each month; and that the father has refused to pay the tuition on the first of each month. The mother sought an order from the court requiring the father to pay the child’s tuition on the first of each month. On March 19, 1998, the mother amended her cross-petition for a rule nisi, asking the court, among other things, to hold the father in contempt for his refusal to pay one-half of the child’s private school tuition.
“Following a proceeding at which ore tenus evidence was presented, the court, on August 27, 1998, entered an order increasing the father’s support obligation to $629 per month, and making that increase retroactive to March 1998; requiring the father to reimburse the mother $78.28 for medical expenses she had incurred; awarding the mother $1,455 for part of the costs of private-school tuition she had paid; and denying the mother’s additional request for private-school tuition.”
Id. at 246-47.
*399 The record on appeal in Etheredge I contained CS-42 Child Support Guidelines Forms completed by both parties and filed with the trial court. The record also contained the mother’s properly completed CS-41 Child Support Obligation Income Statement/Affidavit Form. However, the record did not contain a properly completed CS-41 form for the father. Additionally, the record did not contain a CS-42 Child Support Guidelines Form completed by the trial court. We noted that Rule 32(E), Ala. R. Jud. Admin., mandates the filing of standardized Child Support Guidelines Forms and Child Support Obligation Income Statements/Affidavits and that the “ ‘parties must complete and file accurate Child Support Obligation Income Statement/Affidavit Forms and the trial court must also file a fully completed and signed Child Support Guidelines Form.’ ” Id. at 247, quoting Lo Porto v. Lo Porto, 717 So.2d 418, 421 (Ala.Civ.App.1998).
This court reversed the trial court’s judgment insofar as it related to the award of child support and remanded the case with directions for the trial court to complete and file a CS-42 Child Support Guidelines Form. This court also ordered the father to complete and file a signed CS-41 Child Support Obligation Income Statement/Affidavit Form reflecting his financial circumstances at the time the child-support calculation is made. We further noted that if on remand the trial court deviated from the child-support guidelines in setting a support obligation, it must make the findings required by Rule 32(A)(ii), Ala. R. Jud. Admin. Etheredge I.[1]
Following remand, the mother, on August 23, 1999, petitioned the court for a rule nisi, asking the trial court to find the father in contempt. She alleged that the father had refused to pay the $629 monthly child support ordered by the court on August 27, 1998; that when this court remanded the case in Etheredge I for the trial court to make specific findings, it did not set aside the support award of $629 per month; that the father had failed to establish a supersedeas bond pending the appeal; that the father had refused to pay the 2% commission fee due on the child-support payments as ordered by the trial court; and that the amount of the arrear-age, according to the accounts clerk’s office, was $1,237.37 before the trial court’s ruling of August 27,1998.
On September 10, 1999, the father petitioned the court for a rule nisi, asking the court to hold the mother in contempt for violating the visitation schedule set forth in the divorce judgment. On December 1, 1999, the father moved the court for an expedited hearing on his petition for a rule nisi. On December 11, 1999, the trial court entered an order appointing a guardian ad litem to represent the interests of the parties’ minor child.
On June 30, 2000, the mother amended her petition for a rule nisi, alleging that the father had failed to pay the arrearage owing at the time of the August 1998 order and that he also had refused to pay certain dental bills he was ordered to pay in the original divorce judgment.
Following a hearing on August 1, 2000, the trial court, on August 9, 2000, entered an order, among other things, awarding the mother $554 monthly child support, plus an additional $75 per month to be applied toward private-school tuition for the minor child, plus a “commission” on the award; awarding the mother $5,349.79 representing child-support and private-school-tuition arrearage since March 1998; and finding the father in contempt for failing to pay child support as ordered by the court on August 27, 1998. On September 6, 2000, the father moved the trial court to alter or amend its judgment; the father specifically requested a hearing on *400 the arrearage issue. The trial court amended its judgment insofar as it related to an attorney-fee award, and it denied all other relief. The father appealed.
The trial court failed to comply with this court’s directive in Etheredge I; the record on appeal again failed to contain a CS-42 form completed by the trial court and a CS-41 form completed by the father. Additionally, the court again deviated from the guidelines by requiring the father to pay an additional $75 per month for private-school tuition without making the required findings pursuant to Rule 32(A)(ii).[2] Therefore, this court, on January 2, 2002, remanded the case to the trial court to give that court 21 days in which to accept the necessary forms from the parties and so the court could complete a CS-42 form. On remand, the father completed a CS-41 form and a new CS-42 form based on wage information as of January 2002. The mother filed with the trial court a CS-42 form that had been prepared in July 1999. The mother did complete a new CS-41 form; however, it was based on income information from 1998 and 1999, and, therefore, was not current. The trial court did not complete a CS-42 form and made no findings with regard to its deviation from the guidelines. The trial court simply attached the above-mentioned forms to a copy of this court’s order on remand and filed those documents with this court.
This court, on April 2, 2002, again remanded the case and ordered the trial court to accept, within 21 days, the necessary forms from the parties based on current wage information. The trial court was again ordered to complete a CS-42 form and to make the findings required by Rule 32(A)(ii). On remand, the mother completed a new CS-41 form based on current wage information. The trial court, once again, did not complete a CS^42 form nor make the findings required by Rule 32(A)(ii).
The father argues on appeal that the trial court erred in modifying his support obligation from $487 per month to $629 per month ($554 support obligation plus additional $75 for private-school tuition), because, he says, the mother failed to prove a material change in circumstances. This court believes that another remand would be pointless; therefore, based on the most recent CS-41 and CS-42 forms and income documentation provided by the parties, this court will calculate the father’s monthly support obligation and will further determine whether a modification of the support award was warranted. We initially note that:
“A child support order may be modified only where there is a change in circumstances that is material and continuing. The burden of proving such changed circumstances that would justify a modification of the prior child support order rests with the party seeking the modification. The decision whether to modify a prior support order is within the discretion of the trial court, and this court will not reverse the trial court’s determination on that issue absent a clear showing of an abuse of discretion.
“Rule 32[(A)(3)(b)], Ala. R. Jud. Admin., creates a rebuttable presumption that an existing child support obligation should be modified where the difference between the present obligation and that indicated by the guidelines in Rule 32 is greater than 10 per cent. The trial court may modify a support obligation *401 where the 10 per cent variation is not present, but where there has been a material change in the parties’ circumstances. ‘The party seeking a modification in that situation, however, does not have the benefit of the rebuttable presumption.’ ”
Beavers v. Beavers, 717 So.2d 373, 376 (Ala.Civ.App.1997) (citations omitted).
The father’s CS-41 and CS-42 forms (based on a check stub from his employer Morris Concrete Company) submitted to the trial court in January 2002 indicate a monthly gross income of $3,883. This represents a decrease in the father’s monthly gross income as indicated by the parties’ CS-42 forms prepared in June and August 1998. The mother’s CS-41 form (based on a check stub from her employer Kimberly Clark Corporation) submitted to the trial court in April 2002 indicate a monthly gross income of $4,540. This represents an increase in the mother’s monthly gross income as indicated by the mother’s CS-42 and CS-41 forms prepared in June 1998 and the father’s CS-42 form prepared in August 1998. Computing the father’s monthly support obligation in accordance with the formula set forth in the CS^2 form, and using $3,883 as the father’s monthly gross income, and $4,540 as the mother’s monthly gross income, this court determines that the father’s monthly support obligation is $460. This amount is less than the $554 monthly obligation of the father as determined by the trial court and is actually less that the father’s current support obligation of $487. We note that the $554 established by the trial court was based on income information that is now approximately three and one-half years old — this is the precise reason this court has sought to obtain current CS-41 and CS-42 forms and current wage information from the parties. Accordingly, we conclude that the trial court’s award of $554 per month in child support is due to be reversed.
As for the additional $75 per month in child support awarded by the trial court, we note that the divorce judgment entered in May 1994 provides that “in the event the parties agree on private school for the minor child, the tuition, books, and uniform costs shall be equally divided between the parties.” The child was attending a private school at the time the parties divorced. A dispute arose between the parties over the father’s payment of one-half of the tuition and whether the child should continue in private school. The record of the August 1998 ore tenus[3] hearing indicates that the father paid one-half of the costs of the books, uniforms, and registration fees for the child’s private-school education, but had stopped paying his share of the tuition after the mother filed harassment charges against him. Apparently, the mother has alleged a change in circumstances based on the father’s refusal to pay his one-half of the child’s private-school tuition.
The mother testified that public school was not a suitable alternative because the public school the child would attend is in the opposite direction of the mother’s employer and does not provide child-care for the times before and after school. The record indicates that if the child did not have access to the after-school care associated with the private school, the costs of child-care would increase. The trial court stated in its order of August 27, 1998, that “[i]n light of the request for private school tuition versus higher day care if the children [sic] go [to] public school, the Court is of the opinion that the increase in child support above the guidelines is fair and warranted under the circumstances.” On *402 remand, the trial court entered its order of August 9, 2000, following arguments from counsel, but without receiving additional evidence from the parties, and stated that the father shall pay the mother “an additional $75 per month to be applied towards the private school tuition for the minor.” The trial court made no findings as to why it deviated from the guidelines and awarded the mother an additional $75 per month in child support and has refused on two subsequent remands to make such findings.
The evidence presented in this regard is three and one-half years old, and this court cannot determine from the record before this court whether the child is currently enrolled in private school or public school;[4] whether the additional $75 is currently needed or is being used for childcare costs to offset the increase of such costs if the child is attending public school; and if the child is attending private school, the reasons an additional $75 must be applied to the child’s private-school tuition. Accordingly, we must reverse the trial court’s order awarding an additional $75 per month in child support.
We feel compelled to address the father’s argument in his appellate brief that the trial court failed to comply with the orders of this court by failing to obtain and file the necessary forms required by Rule 32, Ala. R. Jud. Admin. While the trial court has failed to obtain the necessary forms in this case, the father attempts to lay the blame for his failure to complete and file his CS-41 Child Support Obligation Income Statement/Affidavit on the trial court. However, it is the father’s responsibility to complete his own CS-41 form. “[T]he parties must complete and file accurate Child Support Obligation Income Statement/Affidavit Forms.” Ether-edge I, 730 So.2d at 247, quoting Lo Porto, 717 So.2d at 421. The father failed to comply with the orders of this court on its initial remand of this case; it is rather disingenuous for the father to blame the trial court for his own lack of initiative in this regard.
The father also argues that the trial court erred in failing to grant him a hearing on his postjudgment motion regarding the arrearage issue. The “denial of a post-judgment motion without a hearing is reversible error if the movant requested a hearing and harmful error is found.” Knight v. Knight, 739 So.2d 507, 509 (Ala.Civ.App.1999). It appears from the transcript of the hearing that the father was provided a partial printout of the accounts clerk’s record and that the trial court relied upon this partial record in determining the arrearage owed. Subsequent to the hearing the father obtained a complete record from the accounts clerk’s office, which, he says, indicates that the amount of the arrearage reflected in the trial court’s order is incorrect. The father specifically stated in his postjudgment motion that the “Accounts Clerk’s computations are incorrect and have overstated the amount of arrearage and defendant requests an opportunity to be heard so that evidence can be presented to rebut the amount of the arrearage reported by the Accounts Clerk’s office.” However, the father has presented this court with no evidence or explanation as to why a complete copy of the printout could not have been obtained by him before the date of trial. Accordingly, we find no error here.
*403 The father next argues that the trial court erred in finding him in contempt for failing to pay child support as ordered on August 27, 1998. The determination whether a party is in contempt is committed to the sound discretion of the trial court. Coleman v. Coleman, 628 So.2d 698 (Ala.Civ.App.1993). Under Rule 62, Ala. R. Civ. P., and Rule 8(c), Ala. R.App. P., a supersedeas bond must be posted in order to stay the execution of a judgment pending appeal. The purpose of a supersedeas bond is to maintain the status quo of the parties pending an appeal. Ex parte Lumbermen’s Underwriting Alliance, 662 So.2d 1133 (Ala.1995). The su-persedeas bond ensures that the party who has obtained a judgment will not be prejudiced by a stay of execution of the judgment pending the final determination of an appeal. Id.; see also State ex rel. B.G. v. J.F.P., 721 So.2d 213 n. 6 (Ala.Civ.App. 1998) (holding that the defendant in an action brought pursuant to § 26-17-1 et seq., Ala.Code 1975, may file a supersede-as bond to stay enforcement of a child-support order during the pendency of appeal to the circuit court).
The father failed to file a superse-deas bond pending the appeal from the trial court’s August 27, 1998, order; therefore, the judgment was not stayed, and he was required to pay child support as ordered by the trial court.[5] Accordingly, we cannot say that the trial court abused its discretion in finding the father in contempt for failing to pay child support as ordered by the trial court on August 27, 1998.
The father further argues that the trial judge in this case should be removed from the case, because, he says, the trial judge blatantly disregarded this court’s previous orders and, therefore, the judge’s impartiality is called into question. While this may be the case, a motion to recuse must be addressed to the judge whose ability to hear the case is being challenged. Greene v. City of Montgomery, 677 So.2d 794 (Ala.Crim.App.1995). The father filed no motion in the trial court addressed to the trial judge seeking recusal; therefore, we will not consider this argument on appeal.
Accordingly, the trial court’s judgment is affirmed as to the denial of the father’s postjudgment motion and the finding of contempt. As for the issue of child support, the judgment is reversed and the trial court is ordered on remand to enter a judgment consistent with this opinion.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH INSTRUCTIONS.
PITTMAN, J., concurs.
CRAWLEY and THOMPSON, JJ., concur in the result.

. In Etheredge I, this court did affirm the trial court’s award of $1,455 in favor of the mother, which represented the amount of private-school tuition owed by the father, and an award $78.28 in medical expenses owed by the father.

. This award is the same amount awarded by the court on August 27, 1998. Both parties state in their appellate briefs that the trial court informed them in an off-the-record discussion that it intended to award the same amount of support to the mother as it had awarded in its order of August 27, 1998.

. This is the only hearing at which the court received evidence from the parties.

. We do note that the transcript of the August 1, 2000, hearing indicates that the father's counsel states in his argument to the court that the child has continued in private school; however, we also note that the arguments of counsel are not evidence. See Fountain Finance, Inc. v. Hines, 788 So.2d 155 (Ala. 2000).

. The fact that this court has subsequently reversed that portion of the trial court's order increasing the father's support obligation does not require a reversal of the trial court’s finding of contempt nor a reimbursement to the father of the support paid as ordered by the court in its judgment modifying the father’s support obligation. The father simply failed to file a supersedeas bond, and, therefore, failed to stay the enforcement of the child-support order.