CRAWLEY, Judge,
concurring in the result.
I must concur in the result because this court, in reversing the trial court’s judgment in Etheredge v. Etheredge, 730 So.2d 245, 247 (Ala.Civ.App.1999) (“Etheredge I ”), required the father to submit a CS-41 form based on income information “at the time the child support calculation is made.” I concurred in the opinion in Etheredge I. Neither party sought review of, or in any other way challenged, this court’s judg *404 ment in Etheredge I. Thus, the requirement that the trial court recalculate child support based on current income figures has become law of the case. See Ex parte Jones, 774 So.2d 607, 608 (Ala.Civ.App. 2000) (quoting Walker v. Carolina Mills Lumber, 441 So.2d 980, 982 (Ala.Civ.App.1983)). However, upon consideration, I have determined that this court erred by requiring that updated income information be used.
In August 1998, at the time of the hearing on the modification petition, the parties in this case submitted CS-42 forms containing differing income amounts. In August 2000, after this court reversed the child-support award because the record did not contain-a CS-41 form on behalf of the father or a CS-42 form completed by the court, see Etheredge I, 730 So.2d at 247, the trial court again awarded child support based on the income figures reflected in the mother’s CS-42 form. This court remanded this case twice more, in January 2002 and in April 2002, each time ordering the trial court to complete a CS-42 form and to order the parties to complete CS-41 forms. This court’s April 2002 order specifically required the parties to submit current income figures.
Based on those current figures, we now reverse the trial court’s judgment, which I now believe was properly based upon the parties’ respective incomes in 1998. In my opinion, the above-quoted statement in Etheredge I and in our April 2002 remand order mistakenly required the parties to submit updated information when we were concerned with whether the original child-support calculation complied with the child-support guidelines. In effect, this court is compelling a modification of the original child-support judgment instead of reviewing the original judgment. However, in light of Etheredge I and our previous remand orders, I am constrained to concur in the result.