860 So.2d 1283 (2003)
Angelia Patricia KIRKLAND
v.
Tony Allen KIRKLAND.
2010908.
Court of Civil Appeals of Alabama.
April 18, 2003.
*1285 David K. Hogg, Dothan, for appellant.
Submitted on appellant's brief only.
YATES, Presiding Judge.
On August 7, 2001, Angelia Patricia Kirkland ("the wife") sued Tony Allen Kirkland ("the husband"), for a divorce, alleging adultery, incompatibility of temperament, and an irretrievable breakdown of the marriage. She requested custody of the parties' two minor children, an equitable division of the marital estate and debts, child support, and an attorney fee. The wife also moved the court for an order pendente lite granting her exclusive use and possession of the parties' marital home; exclusive use of the parties' leased sport-utility vehicle; custody of the parties' two minor children; and child support. The trial court, on August 9, 2001, entered an order pendente lite granting the wife exclusive use of the parties' marital home and the Ford Expedition vehicle; awarding the wife custody of the parties' children, and allowing the father visitation on alternating weekends; and ordering the circuit clerk to conduct a reference hearing for the purpose of determining the amount of child support to be paid pursuant to Rule 32, Ala. R. Jud. Admin.
On October 17, 2001, the court referee filed its reference report with the trial court. That report states:
"That from the testimony offered at said reference the referee finds as follows:
"(1) [The husband] quit his job approximately two months ago and was earning in excess of $2,500 per month as a welder and had been employed in this position for five years. He is presently employed farming at $6.00 per hour; however, since he is qualified as a welder, an income of $1,733 per month ($10.00 per hour) was imputed.
"(2) [The husband] should be required to pay the sum of $475 per month for the support of the minor children of the parties, pendente lite. Said payments are to begin immediately upon confirmation of this Report and continue on the 1st day of each month thereafter, pendente lite."
The wife, on October 18, 2001, objected to the referee's report, stating that the husband admitted that he had voluntarily quit a job where he earned in excess of $30,000 the previous year and that it was inequitable for the referee to impute income at a substantially lower rate. The trial court, on October 30, 2001, adopted and ratified the findings of the referee and ordered the husband to pay the wife $475 per month in child support pendente lite.
The wife moved the court on November 7, 2001, to find the husband in contempt for his failure to pay child support pendente lite, as ordered. Following a hearing, the trial court, on December 17, 2001, found the husband in contempt and placed him in custody. The court ordered that the husband could purge himself of the contempt by paying $730 in child-support arrearage. The husband paid the $730 and was released from custody on December 18, 2001.
On February 7, 2002, the wife again moved the court to find the husband in contempt for his failure to pay child support pendente lite. The husband responded to the motion, contending that he had paid the wife $275 in January 2002, and $200 in February 2002; that he had secured new employment as a contractor installing hardware at a construction site; *1286 that he had requested a "draw" against his present salary in order to pay all child support owed; and that he anticipated being able to pay his child-support obligation in the future.
Following an ore tenus proceeding, the trial court, on February 25, 2002, entered the following order divorcing the parties:
"(1) That the said [wife] is forever divorced from the said [husband], because of incompatibility of temperament and irretrievable breakdown of the marriage.
"....
"(3) That the [wife] pay the cost herein to be taxed for which execution may issue.
"....
"(5) that joint custody of the parties' minor children is granted with physical custody of the minor children being awarded to the [wife].
"(6) That the [husband] pay to the [wife] the sum of $636 as child support for the parties' minor children, due and payable on the 5th of every month beginning March, 2002.
"(7) That the [husband] shall have reasonable visitation with the parties' minor children.
"(8) That the [wife] is to carry health insurance on [the] parties' minor children.
"(9) That the parties are to equally pay any health expenses not covered by insurance.
"(10) That the [wife] shall have the child exemptions for income tax purposes.
"(11) That the [wife] shall have the right, title, and possession of the parties' marital residence and the furnishings therein and be held responsible for any indebtedness thereon.
"(12) That the [wife] shall be responsible for and assume the payments on the following debts:
"i. Parisian's [department store] charge card[;]
"ii. Honda Accord [automobile] debt[;]
"iii. One-half (½) of the Bank of America charge card debt[.]
"(13) That the [wife] shall have the right, title, and possession of the following:
"i. Honda Accord [automobile;]
"ii. Retirement with the State of Alabama[.]
"(14) That the [husband] shall be responsible for and assume the payments of the following debts:
"i. First USA Visa Card[;]
"ii. Discover Card[;]
"iii. Ford Motor Credit debt[;]
"iv. 1993 Chevrolet Silverado [truck] debt[;]
"v. Camper trailer debt[;]
"vi. One-half (½) of the Bank of America charge card debt[.]
"(15) That the [husband] shall [have] the right title and possession to the following:
"i. 1993 Chevrolet Silverado truck[;]
"ii. Camper trailer[;]
"iii. Boat and motor in possession of the [wife.]
"(16) That the [husband] shall pay to the [wife's] attorney a reasonable fee for his representation. The [wife's] attorney is directed to submit affidavits to the Court as to the reasonableness of his fee."
On March 4, 2002, the husband moved the court to alter or amend its judgment, requesting the court provide for a scheduled visitation. The trial court, on March *1287 5, 2002, entered an order modifying its judgment and set a scheduled visitation for the husband. On March 13, 2002, the wife moved the court to alter, amend, or vacate its judgment, or, in the alternative, for a new trial. On March 15, 2002, the husband moved the court to find the wife in contempt for allegedly vandalizing the boat and motor awarded to him in the divorce judgment.
On March 22, 2002, the wife's counsel submitted an affidavit regarding the reasonableness of his fee; the trial court, on April 4, 2002, entered an order awarding the wife's counsel an attorney fee of $3,662.50. On April 23, 2002, the husband moved the court to alter or amend its judgment awarding the wife an attorney fee.
On April 24, 2002, the wife moved the trial court to find the husband in contempt for his failure to pay child support, the indebtedness on the Ford Expedition, and one-half of the Bank of America creditcard debt as ordered by the court in its divorce judgment. The court set all motions for a hearing on April 29, 2002. Following a hearing, the trial court, on April 29, 2002, denied all motions. The wife timely appeals; the husband has not provided this court with an appellate brief.
The wife first argues that the trial court erred in failing to grant the parties' divorce on grounds of adultery. The parties were married in August 1987; two children were born of the marriage. The husband testified that he had sexual relations with a co-employee in March 2001 and that he and the co-employee were living together. The parties separated in April 2001 and attempted reconciliation on a number of occasions, to no avail. The husband testified that the parties' marriage failed because of the wife's incessant "fussing and nagging" that he was not earning enough money. The husband testified that the wife would come to his former place of employment and "harass" him.
The wife testified that she had done everything she could to save the marriage, "even biting [her] tongue when [she] knew he was doing wrong and still cheating with the other woman." The wife testified that she had witnessed the husband and his friends using drugs and that their daughter had found drugs in the house on one occasion. The wife stated that the parties had been verbally abusive to each other.
This court has stated:
"[T]he trial court is not bound to grant a divorce upon a particular ground when another is charged in the complaint, if the evidence supports the ground upon which the divorce is granted. In such case it is immaterial that the evidence might equally have supported the ground of adultery."
Blackwell v. Blackwell, 340 So.2d 448, 449 (Ala.Civ.App.1976) (citation omitted). The wife sought a divorce on the grounds of adultery, incompatibility of temperament, and an irretrievable breakdown of the marriage. The evidence would support a divorce on either the ground of incompatibility of temperament or an irretrievable breakdown of the marriage. Although the trial court did not grant the divorce on the ground of adultery, there is no indication in the record that the trial court failed to consider the fault of the husband in rendering its judgment. See Ex parte O'Daniel, 515 So.2d 1250 (Ala.1987)(holding that the trial court cannot choose to ignore evidence of adultery in dividing the marital property simply because it does not like adultery as a ground for divorce). Accordingly, we cannot say that the trial court erred in failing to grant the divorce on grounds of adultery.
*1288 The wife next argues that the trial court erred in failing to order the husband to pay court costs. The trial court has wide discretion in awarding costs pursuant to Rule 54(d), Ala. R. Civ. P. Denson v. Bear, Stearns Sec. Corp., 682 So.2d 69 (Ala.1996). The wife has failed to demonstrate how the trial court abused that discretion in failing to order the husband to pay costs.
The wife next argues that the trial court erred in failing to order the husband to pay retroactive child support. This court has stated:
"Given this state's policy and law requiring a parent to support a minor child, we hold that a trial court may, in its discretion, award child support retroactive to the filing of the complaint for divorce where the trial court has failed to enter a pendente lite child support order for the period in which the parent had a duty to support the child but failed to provide that support."
Brown v. Brown, 719 So.2d 228, 232 (Ala. Civ.App.1998). The trial court entered a pendente lite support order in this case; therefore, the trial court did not abuse its discretion by not ordering the husband to pay child support retroactive to the filing of the complaint for divorce.
The wife next argues that the trial court erred in failing to find the husband in contempt for his failure to pay pendente lite support. Rule 28(a)(10), Ala. R.App. P., requires that an appellate brief contain "[a]n argument containing the contentions of the appellant with respect to the issues presented, and the reasons therefor, with citations to the cases, statutes, other authorities, and parts of the record relied on." The wife has failed to comply with the requirements of Rule 28 because she has failed to cite any authority in support of this argument. Accordingly, we decline to address this issue. See Figures v. Figures, 646 So.2d 62 (Ala.Civ.App.1994).
The wife argues that the trial court erred in failing to order the husband to maintain a life insurance policy for the benefit of the parties' children. Whether to order a party to maintain a life insurance policy for the benefit of minor children is within the discretion of the trial court. See Wylie v. Wylie, 794 So.2d 1174 (Ala.Civ.App.2001). The husband stated that he had a life insurance policy in place at the time the parties separated and that he had not canceled the policy. He testified that the wife was receiving the bills for the premium payments and that he believed that she had canceled the policy. The wife offered nothing to dispute this testimony. Accordingly, we cannot say that the trial court abused its discretion in failing to order the husband to maintain an insurance policy on his life for the benefit of the parties' children.
The wife next argues that the trial court erred in its division of the marital property and in failing to award, or to at least reserve the right to award, her periodic alimony. The husband testified that he had a ninth-grade education and that he was in good health. He was formerly employed as a hardware installer with H & H Doors and Hardware, Inc. He earned $36,887.62 in 1999 and $31,952.57 in 2000 while employed at H & H. The husband testified that he quit his employment with H & H because of the wife's harassment. He stated that the harassment was affecting his work and that he was unable to concentrate on work.
At the time of the hearing, the husband was employed as a hardware installer at a construction site in Georgia. He testified that he earned $15 per hour and that he worked 35-40 hours per week; however, he also stated that the current construction job would be completed on March 5, *1289 2002, and that he was not guaranteed of further employment after that date. The husband testified that he had started his own installation business approximately two weeks before the trial.
The wife testified that her health was good, but that she takes thyroid medication and an antidepressant. She stated that the pending divorce from the husband had placed a great deal of stress on her and that she has difficulty eating and sleeping. The wife stated that she had lost 80 pounds and attends a divorce-counseling class at a local church.
The wife has been employed by the State of Alabama at the Houston County Health Department for 16 years and earns $960 biweekly. She is vested in the State's retirement plan. The wife stated that she receives free health insurance coverage through her employment, but that she pays $194 per month for insurance coverage for the parties' children. The wife admitted that the husband had given her $1,500 from April 2001 until the pendente lite support was ordered by the court in October 2001. She testified that she had refused to accept partial payments of pendente lite support from the husband because she was under the false impression that he could not be held in contempt if he made partial payments. The wife stated that she had given the husband $1,024 since the parties separated. She stated that she and the children had been unable to maintain their standard of living since the parties separated.
The husband testified that the marital residence was worth approximately $45,000 and that the monthly mortgage payments were $531. The wife testified that the parties had refinanced the marital residence in July 2001 and that they had no equity in the house. She stated that the marital residence secured a debt of $50,000 and that the monthly mortgage payments were $524. The parties had jointly leased a Ford Expedition sportutility vehicle. The wife testified that she had returned the Ford Expedition to the leasing company because she could not afford the monthly payments of $533. She testified that the leasing company had notified the parties by letter that $15,248 was owed on the leased Ford Expedition. The wife testified that she was currently driving a 2000 Honda Accord automobile and that her monthly payments on that vehicle were $380. The father testified that he had recently traded a 1972 GMC truck for a more dependable 1993 Chevrolet truck. He stated that he owed $3,500 on the Chevrolet truck.
The parties had acquired some creditcard debt during the course of the marriage. They had a Bank of America credit card with a debt of approximately $10,000; a First USA Visa credit card with a debt of approximately $10,000; a Discover credit card with a debt of $6,697; and a Parisian department store credit card. The wife testified that the Bank of America, Discover, and Parisian credit cards were in her name and that the husband was listed as an authorized user, and that the First USA Visa credit card was in the husband's name and she was listed as an authorized user. The wife stated that she used the Bank of America card to purchase a boat, motor, and trailer for $4,800 during one of the attempted reconciliations. The record indicates that the credit cards were used for the benefit of the entire family.
In reviewing a judgment of the trial court in a divorce case where the trial court has made findings of fact based on oral testimony, we are governed by the ore tenus rule. Under this rule, the trial court's judgment based on those findings will be presumed to be correct and will not be disturbed on appeal unless it is plainly and palpably wrong. Hartzell v. Hartzell, *1290 623 So.2d 323 (Ala.Civ.App.1993). This presumption of correctness is based on the trial court being in the unique position of being able to observe the witnesses and to assess their demeanor and credibility. Hall v. Mazzone, 486 So.2d 408 (Ala.1986). Additionally, matters of alimony and property division rest soundly within the trial court's discretion, and rulings on those matters will not be disturbed on appeal except for an abuse of discretion. Welch v. Welch, 636 So.2d 464 (Ala.Civ.App. 1994). Matters of alimony and property division are interrelated, and the entire judgment must be considered in determining whether the trial court abused its discretion as to either of those issues. Willing v. Willing, 655 So.2d 1064 (Ala.Civ.App.1995). Factors the trial court should consider in its award of alimony and its division of property include the earning abilities of the parties; the future prospects of the parties; the ages and health of the parties; the duration of the marriage; their station in life; the marital properties and their sources, values, and types; and the conduct of the parties in relation to the marriage. Id., at 1067. Further, a division of marital property in a divorce case does not have to be equal, only equitable, and a determination of what is equitable rests within the sound discretion of the trial court. Id.
After carefully reviewing the record in this case, we cannot say that the trial court abused its discretion in its property division and in its failure to award the wife periodic alimony.
As to the wife's contention that the trial court erred in failing to reserve the issue of periodic alimony, we note that "[w]hen a trial court does not award periodic alimony in a divorce case, or does not reserve the right to do so upon future consideration, its power to award alimony is permanently lost." Kennedy v. Kennedy, 743 So.2d 487, 490 (Ala.Civ.App.1999). The trial court's failure to at least reserve the issue of alimony often constitutes reversible error. Travis v. Travis, 849 So.2d 177 (Ala.Civ.App.2002). The trial court should reserve the issue of alimony if the facts indicate that future circumstances may entitle either party to a later award of alimony. Crenshaw v. Crenshaw, 816 So.2d 1046 (Ala.Civ.App.2001). The record indicates that the wife was taking thyroid medication and an antidepressant; that the pending divorce had placed considerable stress on the wife; that she had lost 80 pounds; and that she was unable to eat or sleep. Because of the length of the marriage and the wife's questionable mental and emotional health, we conclude that the trial court abused its discretion in failing at least to reserve the issue of future alimony. This portion of the judgment is reversed and the case remanded for the trial court to enter an order reserving the issue of future periodic alimony.
The wife next argues that the trial court erred by failing to base the husband's child-support obligation on an earning ability of $30,000 per year. Application of the child-support guidelines is mandatory. Etheredge v. Etheredge, 730 So.2d 245 (Ala.Civ.App.1999). The word "shall" in Rule 32(E), Ala. R. Jud. Admin., mandates the filing of a standardized Child Support Guidelines Form and a Child Support Obligation Income Statement/Affidavit Form. Id. at 247. "`[T]he parties must complete and file accurate Child Support Obligation Income Statement/Affidavit Forms and the trial court must also file a fully completed and signed Child Support Guidelines Form.'" Id., at 247, quoting Lo Porto v. Lo Porto, 717 So.2d 418, 421 (Ala.Civ.App.1998). Compliance with Rule 32(E) is mandatory even though the trial court finds that the application of the guidelines would be unjust. Id. Where the *1291 trial court finds that the application of the guidelines would be unjust or inequitable and deviates from those guidelines in setting a support obligation, it must make the findings required by Rule 32(A)(ii), Ala. R. Jud. Admin. Id.
The record contains the CS-41 and CS-42 forms submitted by the wife. The record also contains a CS-42 form completed by the court referee in which the referee imputed a monthly income of $1,733 to the husband and determined that his monthly pendente lite support obligation was $475. The record does not contain CS-41 and CS-42 forms completed by the husband nor does it contain a properly completed CS-42 form by the trial court. In its final judgment, the trial court determined that the husband's monthly child-support obligation was $636. This court is unable to determine how the trial court reached that amount. Accordingly, we must reverse this portion of the trial court's judgment and remand the case for compliance with Rule 32(E). On remand, the husband is directed to file completed and signed CS-41 and CS-42 forms. The trial court is directed to complete and file a CS-42 form. Should the trial court on remand determine application of the guidelines to be unjust or inequitable and deviates from those guidelines, it must make the findings required by Rule 32(A)(ii).
Finally, the wife argues that the name of the creditor of the Ford Expedition should be changed to First Star Leasing Corporation rather than Ford Motor Credit. The evidence in the record indicates only that the debt on the Ford Expedition was owed to "the leasing company." The trial court ordered that the husband be liable for the debt owed to Ford Motor Credit. The wife stated in her postjudgment motion that the debt for the Ford Expedition was actually owed to First Star Leasing Corporation. The husband did not dispute this in his motion in opposition to the wife's postjudgment motion. Accordingly, on remand the court should amend its order to reflect the debt owed on the Ford Expedition as being owed to First Star Leasing Corporation.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH INSTRUCTIONS.
CRAWLEY and MURDOCK, JJ., concur.
THOMPSON, J., concurs in the result.
PITTMAN, J., concurs in part and dissents in part.
PITTMAN, Judge, concurring in part and dissenting in part.
According to the record, the husband earned $36,887.62 in 1999 and $31,952.57 in 2000, while the wife earned nearly $25,000 annually at the time of trial. The wife is vested in the State's retirement plan, whereas the husband has been working temporarily at a construction site and has been attempting to start his own business as a hardware installer. Based on the wife's 16 years of employment with the State, even if her health requires her to stop working sometime in the future, she will have access to retirement and/or disability income.
I would not reverse a trial court's judgment solely for failing to reserve the issue of periodic alimony unless one of the parties had a disproportionately larger income or greater assets compared to the other party's income or assets.
Here, however, the trial court established the father's monthly child-support obligation as $636, but failed to file a CS-42 form so as to demonstrate how it reached that determination. This court has repeatedly admonished trial courts to adhere to the requirements of Rule 32(E), Ala. R. Jud. Admin. In this case, the trial *1292 court's failure to file a CS-42 form or to incorporate one into its child-support judgment constitutes reversible error. See Russell v. Russell, 844 So.2d 1215 (Ala.Civ. App.2002); Fowler v. Fowler, 773 So.2d 491 (Ala.Civ.App.2000). A thorough review of the referee's recommendation and the parties' income testimony does not reveal how the trial court calculated the husband's child-support obligation. I have "unsuccessfully attempted, based on the evidence in the record, to determine the manner in which the trial court determined the father's child support obligation." Nelson v. Landis, 709 So.2d 1299, 1300-01 (Ala.Civ.App.1998). I therefore concur in the main opinion as to that issue.
Because the trial court's judgment in this case must be reversed, I agree that the trial court may also consider reserving the issue of periodic alimony when it enters its judgment on remand. However, to the extent that the main opinion can be construed so as to require reservation of that issue in every case, I cannot join in that opinion; therefore, I respectfully dissent as to the periodic-alimony issue.